Page
1 of 3

9/30/2020

Fletcher,

Thank you for sending me a copy of the oral argument calendar. I'm happy it was rescheduled for November 19, as it allows more time to prepare. Unfortunately at this moment, I can not help as much as I would like. Because of Covid-19, the whole prison is locked down, with limited inmate movement. I can not get to the law computer to review any case law.

I know there is other caselaw out there, from at least other District Courts, and possibly other Circuit Courts, on whether <u>Carpenter</u> extends 4th amendment protections to location information gathered by IP address. And I also know that probably none of that caselaw is in favor of the defendant. However, not favorable caselaw does not mean not useful caselaw. The reasons those defendants have been denied will be the reasons we prevail. A perfect example of this is the case of <u>United States v. Kidd</u>, 2019 U.S. Dist. Lexis 114627 (S.D.N.Y. July 3, 2019)

As I have previously mentioned (see my letter to you from September 11, 2019), this case I believe addresses most of the problems with the line of post <u>Carpenter</u> cases which have been decided (2019 U.S. Dist. Lexis 18), while also noting several key questions left un-answered by those cases (2019 U.S. Dist. Lexis 22-26), all of which I believe the 11th Circuit may want answered. Further, I believe most of the questions the court will have in my case is about the tracking of my movements in a factually analogous setting as <u>Carpenter</u>, and this case is a perfect starting point for any research that

may need to be close to answer the courts possible questions.

IF there are other cases out since the beginning of the year like Kidol, we have to find them. Because I can not get to the law computer, I need yours and Drby's help with this. IF needed, my mother can and would hire an outside para-legal to assist. I also can't get to the phone because of the lockdown, so I wrote my mother a letter and asked her to call your office to offer any assistance needed. IF there is anything that my family or I can assist with, please let us know.

I'm trusting that you are preparing for this hearing alot better then in the past, and I thank you for that. IF you need to re-fresh yourself with the issues in my case, remember that I raised and wrote about all issues, even the ones not addressed in the briefs, in the motion I sent to the court in January of 2019. This includes among other things, exigent circumstances and the good faith exception.

Fletcher, I believe at the very least, the court should allow me to withdraw my plea of guilty and send me back to the lower court with orders to hold an evidentiary hearing, IF for no other reason then the district court made a clear error in its finding of fact for the denial of the motion to suppress. And, as discussed within what I sent to the court last year, the district court never decided or even discussed if exigent circumstances existed. (Page 46, filed 1/6(2019). This would be another reason to be sent back to the lower court (which would first require a finding of a 4th amendment violation).

3 of 3

There are many different things that can happen, and I am putting my life in your hands, hoping you can navigate a good outcome. Please Fletcher, if there is anything myself or my family can do to help, please let us know.

Thank you

Sincerely,
Scott Frebel

Page
1 of 19

12/21/2020

Fletcher,

      I've sent to you my arguement for a petition for Rehearing En Banc. It's been put together in a short period of time. I have not had an opportunity to access the law library, so this has been put together in my cell, using the limited resources I have in hand. Please add to, make changes, and Re-write. If I had more time, I would complete it, But I wanted to get what I had copyed and mailed to you as fast as possible. I'm going to continue to work on this, so if you were to get another extension, I will have more for you. I want to go over some things before going further.

      What I've written only addresses the carpenter arguement. I've broken it down to three parts:

A) The scope of carpenter is broad, not narrow. I explain why carpenter applies.

B) CSLI, like IP addresses, both require an additional step to obtain any direct location, and this additional step does not influence the analys.s.

C) The point of my case is the tracking of a cell phone through

IP addresses. My fourth amendment claim is to my Movements, Not to IP addresses in general.

Part C requires the most work. Here is the Problem: The pretrial motion to suppress, and the initial brief filed in my appeal, did not address numerous things. But most importantly, Neither _directly_ raised the issue that the government tracked my Movements. Instead, they both focused on the right to privacy generally in IP addresses themselves. (and Email addresses). The reply brief correctly addressed the argument I wanted presented, but by then it was to late. Unfortunately I was correct, the court did not consider arguments raised for the first time in a reply brief. (contrary to what you had previously told me). This, along with the poor record in my case, caused the court to write the opinion that they did, and affirm my conviction. I understand that the panel I had did not help, but I cant say I totally blame them. I understand why they came to the conclusion they did, Even though its wrong.

I now am trying to show the court, as best I can, that an En Banc is needed because the panel did not answer the question that is the focus of my appeal, and the reason I signed the plea agreement (_because it really is_).

To do this, I tried to point to places in the record that Kinola show that this is what was raised pretrial. As an example, I pointed out that the Motion to Suppress raised that _Davis_ was wrongly decided, and that case asserted a right to privacy in his physical movements from one place to the next. _Davis's_ claim was based off _United States v. Jones_, 565 U.S. 400 (2012). This is the only context _Jones_ was raised, until my reply brief. The court was correct about that. (as was I previously). What I dont know is:

If we raise a case, that has based its argument on another case, do we then raise that other case by proxy? I need your help finding the answer to this question because I cant access any law at the moment. If this is so, then _Jones_ was raised by proxy of _Davis_.

The argument involving the right to privacy in my home has the same problem, but worse: _United States v. Karo_, 468 U.S. 705 (1984), and _Kyllo v. United States_, 533 U.S. 27 (2001), were not raised at all, not even by proxy, until my reply brief. The point that my privacy expectation is heightened within my home, while technically being part of the tracking my movements issue, was not specifically raised in my Motion to Suppress or my initial brief. It just seems like it was because ive been saying it for 3 years.

_Kyllo_ was cited within _carpenter_, And _Davis_, at 516 Made a very brief point about privacy within the home. _Davis_ also cites both cases throughout the multiple opinions. This is where I really need your assistance. Please help me find a way around the problems ive identified.

Fletcher, I still think we could win this case, either through an En Banc Court, or the Supreme court. I also think you now really and truly do understand my position, believe in my argument, and believe we are correct. We need to win this case, not just for me, but for the right to privacy for all americans who carry a cell phone which connects to the internet, and dont want big brother tracking them.

I hope to hear from you soon, and wish you and your family a happy holidays and a happy new year.

Sincerely,
Scott

## Statement of the Issue
## for Rehearing En Banc

When Law Enforcement Agents Seek at least Seven Days of Data Created by a cell phone, revealing an individuals past physical movements, the Fourth Amendment requires A warrant to obtain that Data. Carpenter v. United States, 138 S.ct. 2208 (2018)

Here, law Enforcement obtained Data created by a cell phone, revealing an individuals past physical movements 593 times, at 42 different places, spanning 30 Days. Trader considers this cell phone tracking. But the panel Held the Data obtained was neither location nor cell phone records, and procuring them was not A search under the Fourth Amendment. Mr Trader requests a rehearing En banc on this issue:

Whether the warrantless seizure and search of historical records created by a cell phone revealing the location and movements of a cell phone user over the course of 30 days is permitted by the Fourth Amendment — IF the Data revealing the location and movements were collected in the form of IP Address information.

## Statement of the Case

Mr. Trader was charged in a five count indictment with having violated 18 U.S.C. 2422, 18 U.S.C. 2252, and 18 U.S.C. 2251. (DE 7) He moved to suppress evidence, arguing among other things that Homeland Security Agents violated the Fourth Amendment by obtaining cell phone location records, revealing his physical movements over 30 Days through his phones IP Address connections, without a warrant. (DE 13)

The district court held that Trader did not have a reasonable expectation of privacy in the Data obtained by Law Enforcement, citing the Third Party Doctrine. (DE 15)

While Traders Appeal was pending, The Supreme Court held the Third Party Doctrine does not apply to retrospective collection of cell-site location information; generated through a cell phone, for Periods of at least Seven Days. Carpenter v. United States, 138 S.Ct. 2206, 2217 & N.3 (2018)

A Panel Affirmed. The panel concluded Carpenter's exception to the Third Party Doctrine does not apply, the IP address Data obtained was neither location nor cell Phone records, and held the governments Procurement of

7 of 9

there was not A Search under the Fourth Amendment.
United States V. Trader, No. 17-15611, 2020 WL
6947858, at *4-*5 (11th Cir. Nov. 25, 2020)

# Rule 35 (B)(i) Statement
## of Counsel

I express a belief, based on a reasoned and Studied professional judgment, that the Panel decision is contrary to the decision of the Supreme Court of the United States in Carpenter V. United States, 138 S. ct. 2208 (2018), and the precedents of this Circuit, and that consideration by the full Court is Necessary to Secure and Maintain uniformity of decisions in this Court, and with the Supreme Court.

I express a further belief, based on a reasoned and Studied professional judgment, that this appeal involves a question of exceptional importance:

Whether the warrantless Seizure and Search of historical records created by a cell phone revealing the location and movements of a cell phone user over the course of 30 days is permitted by the fourth Amendment — If the Data revealing the location and Movements were collected in the form of IP address information.

/S/ Scott Trader

Part I, A)

"This case presents the question whether the Government conducts a search under the Fourth Amendment when it accesses historical cell phone records that provide a comprehensive chronicle of the user's past movements." <u>Carpenter</u>, 138 S.ct. 2208, 2211

This is the opening Chief Justice John Roberts chose to deliver when writing the opinion of the court in <u>Carpenter</u>. On its own terms, the majority opinion of the court is not restricted to C.S.L.I. Instead, this is an opinion about information that can locate people generally, not C.S.L.I. Specifically. Part III of the opinion is all about the privacy interests individuals have in "the whole of their physical movements". This is a meditation on the nature of location information, whatever form it takes. Location information, when there is enough of it, "provides an intimate window into a persons life". By focusing on the nature of the information rather than on the telecommunications signal used to gather it, the opinion clearly signals that it's holding applies to other collections of historical location information, including data collected and stored by cell phone applications.

Recently however, A panel of this court in
United States V. Trader, No. 17-15611 (November 25, 2020)
incorrectly found Trader "Misunderstands carpenters
holding". (opinion, pg 13) But it is the panel of this court
that Misunderstands carpenter. Together with its reasoning,
the holding in carpenter is breathtakingly broad and
Should have been applied in Trader's case.

First, in concluding the third party doctrine
controls Trader's case, the panel cites to what has become
known as carpenter's "narrow" holding in which the Supreme
court said it "does not express a view on matters not
before the court". But the carpenter court noted the
matters not before them, carpenter at 2220, and all
are distinguishable from the question the court answered
in carpenter. Real time C.S.L.I. does not provide a chronicle
of a user's past movements, Tower-Dumps do not provide a
chronicle of movements of one user, Conventional Surveillance
techniques and tools Such as Security cameras do not involve
cell phone tracking, and other business records that might
incidentally reveal location information obliviously would not
involve both a chronicle of past movements and a cell
phone tracking them, as these two factors combined caused

the court to carve the carpenter exception to the third
party doctrine for distinct category of information.
                     this

    Trader's case involves location information in the
form of IP addresses, created by an application on his
cell phone. The government acquired records totaling 593
different location points, and the date and time of each location,
for 30 days, from 42 different IP addresses. On average,
these records show the location of Trader's cell phone (which was always
on his physical person) 20 times a day, for those 30 days.
Trader considers this cell phone tracking.

    Despite this, the panel found these records fit neatly
within the category of "other business records that might incidentally
reveal location information" because of carpenter's "narrow
exception" (opinion, pg 11). Yet in carpenter, Justice
Kennedy, with whom Justice Thomas and Justice Alito join
in dissenting, note that "Nothing in its opinion even alludes to
the considerations that should determine whether greater or
lesser thresholds should apply to information like IP addresses".
Carpenter, at 2234. The dissent points this out, only after
citing what the majority opinion expresses no view on. There
would have been no reason for this if IP addresses solely fall

within the category of "other business records that might incidentally reveal location information". These three Justices recognized that data similar to Trader's exists, It could be "deemed to be more like cell-Site records than Financial records" and considered the thresholds that should apply before the government could acquire it without violating the fourth amendment.

Part I, B)      In the instant case, the panels reasoning in reaching its decision is flawed. It's based on the two part conclusion that "Internet protocol addresses are neither location records nor cell phone records" (opinion, pg 13) "neither kind of information directly records an individuals location ... Internet Protocol addresses can be translated into location information only indirectly, by examining the internet company's business records to determine the physical address where the network is registered." Id. This point may be accurate, but is also true for C.S.L.I.

As United States V. Davis, 785 F.3d 498 (11th cir 2015) explained, the wireless carriers records produced "five types of data: (1) telephone numbers of calls made by and to Davis's cell phone; (2) whether the call was

Outgoing or incoming; (3) the date, time, and duration of the call; (4) the number assigned to the cell tower that wirelessly connected the calls from and to Davis; and (5) the sector number associated with that tower. For ease of reference, the fourth and fifth items are collectively called "historical cell tower location information." Davis, 785 F.3d at 502-03

The "historical cell tower location information" for "Davis's cell number [ ] show ONLY (1) the number of the cell tower used to route Davis's call, and (2) the sector number associated with that tower. Thus, to determine the location of any cell tower used... the cell tower glossary created and kept by MetroPcs [must be examined]. The MetroPcs glossary listed (1) each of its cell tower numbers, (2) the physical address, including latitude and longitude, of that cell tower, and (3) how many sectors are within each cell tower's range.
         This MetroPcs glossary, along with its toll records, allowed the government to determine the precise physical location of the cell towers that connected calls made by and to Davis's cell phone ... but not the precise location of that cell phone or of Davis." Davis, at 504

As _Davis_ clearly explains, C.S.L.I., just as with IP address information, is "Metadata", which by definition Means: "Data that provides information about other data" Merriam-Webster's collegiate Dictionary (Eleventh edition, principal Copyright 2003, 22 nd printing thomson Press, September 2018); "Data that describes and gives information about other data" (oxforddictionaries.com, 2015 oxford university press)

Thus, C.S.L.I. does not _itself directly_ reveal the location of an individual's cell phone. Just like IP address data, C.S.L.I. requires further investigatory follow-up before obtaining the physical location of a cell phone. More importantly however, the court in _carpenter_ "has already rejected the proposition that inference insulates a Search". _Carpenter_, at 2218. Furthermore, in deciding carpenter, the court also noted, with the "location data it received, the government could, _in combination with other information_, deduce a detailed log of carpenter's movements". _Id._

    additional step
This did not sway the courts decision. The panels reasoning in reaching its conclusion in _Tracey_, is in contradiction with its reasoning in _Davis_, and the Supreme courts reasoning in _carpenter_.

Part I, C)          Additionally, the panel of this court essentially says, if they got it wrong, and IP addresses do convey location information with similar degrees of specificity and required investigatory follow-up as C.S.L.I. does, it's ok, because IP addresses are "only incidentally associated with cell phones" and are not "cell phone records". (opinion, pg 13) The court wholly misses the point of this case. IP addresses were more then "incidentally associated with" Trader's cell phone. Trader's position is, and always has been, that in this case, his KiK records in their entirety[1] (DE 13:3), are protected.[2] (DE 13:6). Each of the IP addresses the government received, indicated a specific time and location[3] (DE 13:7), and through those records, law enforcement was able to examine patterns of use. [4] (DE 13:10). This includes movement from one place to the next. KiK is a cell phone application, and was only downloaded onto, and solely accessed from, Trader's cell phone. The point of Trader's appeal is not that IP addresses in general are cell phone records only. It is that IP addresses were used to locate Trader's phone 593 times at 42 different places in 30 days, before the government even knew his identity.

          Trader's fourth Amendment claim originated from United States v. Davis, 785 F.3d 498 (11th Cir. 2015),

Contending that case was wrongly decided.[5] (DE 13:6).
Davis asserted a right to privacy in the whole of his
physical movements as captured through his cell site
location information, not a right to privacy generally in C.S.L.I.
Davis established, through the multiple opinions in
United States v. Jones, 132 s.ct. 945, an expectation of
privacy in his physical movements from one place to the next,
over an extended period of time. Davis, 785 f.3d at 513-517,
539-542. Carpenter was no different.

The panel in Trader's opinion, side-stepped the
question of exceptional importance: whether the warrantless
seizure and search of historical records created by a
cell phone revealing the location and movements of a cell phone
user over the course of 30 days is permitted by the
fourth Amendment — IF the Data revealing the location and
movements were collected in the form of IP address
information.

With knowledge of Carpenter having been granted
Certiorari; that important question is what Trader expected
the court to answer through his appeal, and its why he signed
his plea agreement with the government.[6] (DE 21: 4-5 / #7).
Instead, the panel more broadly addresses the "Many

Kinds of devices [which] access wireless Networks",
Such as "Computers, tablets, gaming consoles, household
appliances, and more." And Since "each of those devices
has an internet protocol address", the panel could not
"Conclude that internet protocol addresses are cell phone
records when they are a feature of every electronic
device that connects to the internet." (opinion, pg 13)

With respect to the panel, the fact that "every electronic
device that connects to the internet" has an IP address has
absolutely no bearing on the facts of Trader's case.
And even if it did, the panels analysis is disconnected
from the proper application of Carpenter. At no point
within the carpenter opinion did the Supreme Court hold
location information protected because CSLI is
exclusevely a feature of cell phones. Rather, it is
afforded the protections of the fourth Amendment because
the location information is created by using cell phones.
The device used to create the information is the focus,
not the exclusiveness of the signal sending and receiving
the data.

18 of 19

## Footnotes

1) See: (DE 13:3) "KiK responded with 29 pages, listing the 'basic subscriber information, and the most recent 30 days of IP addresses if available associated with the KiK user name you provided.' The subscriber information included the email address associated with the 'KiK' account... It also showed that there were 594 logins to the [KiK] account from 42 different IP addresses during the 30 days prior to May 31, 2017."

2) See: (DE 13:6) "The release of 'KiK' customer records, without a warrant or exigent circumstances, was a violation of Mr. Trader's reasonable privacy expectation under the Fourth Amendment."

3) See: (DE 13:7) "KiK released the subscriber's 'IP addresses'. An IP address is the exact Internet electronic address of the particular internet subscriber account. IN addition to indicating the specific location of the user at the time of use, a significant portion of the user's internet history could be recovered."

4) See: (DE 13:10) "As noted, the release of an ... IP address allow unscrupulous law enforcement or other third parties to examine the content and patterns

OF a Subscriber's internet use. Those pieces of private information were also 'Keys' in which Mr. Trader had a reasonable and legitimate privacy interest."

5) See: (DE 13: 6) "the defendant acknowledges United States V. Davis, 785 F.3d 498 (11th Cir. 2015), in which the Eleventh Circuit held, en banc, that cellular phone Subscribers do not have a Fourth amendment privacy interest in their cellular phone call data. However, the defendant contends that the instant case is distinguishable, or, in the alternative, Davis was wrongly decided."

6) See: (DE 21: 4-5 (#7) "The United States and the defendant agree that... the defendant reserves his right to appeal the District Court's order (Docket Entry   ), denying defendant's motion to Suppress (Docket Entry 13). This reservation of appellate rights is limited to the Fourth Amendment issues that the defendant raised, that is: (a) whether the government's obtaining of Subscriber information (namely, an IP address and email address) from a Social Media Company is a Search under the Fourth Amendment".

Page
1 of 3

5/11/21

Fletcher,

I'm writing this letter in an attempt to find out the current status of my case. The last communication I received from you was a letter dated March 23, 2021 in which you informed me about the denial of the petition for rehearing en banc. In that letter, you had written that "A writ of certiorari petition to the Supreme Court of the United States would be due August 14, 2021", 150 days from the denial of my en banc request.

Since then, myself, and my mother have tried numerous times to call your office. The calls go un-answered, the messages un-returned. As of the writing of this letter, I have 95 days till that writ of cert is due, and we have not yet discussed what will be included within it.

As you are well aware, I insist on being included in the decision making process as to what legal arguments to raise, and how they are crafted. You and I have butt-heads regarding this over the last 4 years, and as recently as the petition for rehearing en banc. On 12/21/20, I mailed to you a 4 page letter, and 12 page draft outlining what I wanted put in that petition. I specifically broke it down, telling you

Why this information, and these specific points needed to be included and addressed within it. The final petition, which you wrote and filed over 50 days later without speaking to me, did not include one single point that I wanted made. Throughout my whole case, the court has not once been able to properly consider any arguments I have wanted made, only what you have filed.

Fletcher, I'm not writing this letter to once again voice my frustration about my counsel's effective-ness, there will be ample time for that. I'm writing this letter because im sitting in a prison cell, 95 days from my case, and life sentence becoming final. When I last spoke to you on December 10th, 2020, you were supposed to set up another phone call to speak with me about the panel opinion, and my draft of the petition for rehearing en banc. That never happened. I haven't got a clue as to what is going on in my case. I understand Lydia had a family emergency, and I'm deeply sorry about that. My condolences to her, you, and the rest of your family. But that don't mean you brush off or ignore your clients. All im asking for is an update as to what is going on in my case, and where we are so far on the petition for writ of cert.

I need you to please do one or all of the following

3 of 3

as soon as possible : ① Set up a phone call with me here at the prison. My counselor is Mr. Brazil, My case mgr is Ms. Marks. ; ② Call my mother back and explain to her what the status of my case is ; ③ Send me a detailed letter, updating me on the status of my case and the writ of cert petition. Thank you.

Sincerely,
Scott Trader

Page
1 of 2

6/7/21

Fletcher

Once again, I am writing this letter in an attempt to find out the current status of my case. The last communication I received from you was a letter dated March 23, 2021, in which you informed me about the denial of the petition for rehearing en banc. In that letter, you had written that "A writ of certiorari petition to the Supreme court of the united States would be due August 14, 2021", 150 days from the denial of my en banc request.

Since then, I've written you. I've gotten no response. Myself and my Mother have tried numerous times to call your office. The calls go un-answered and the Messages get no response. As of the writing of this letter, I have 68 days till that writ of cert is due, and we have not yet discussed what will be included within it.

As you are aware, I do want to file a writ of certiorari petition to the Supreme court, and I insist on being included in the decision making process as to what legal arguments to raise, and how they are crafted. But as of this letter, I haven't got a clue as to what is going on in my case.

Page
2 of 2

I need you to please do one or all of the following as soon as possible: ① Set up a phone call with me here at the prison. You can do that by contacting my case Mgr, her name is Ms. Marks.; ② Call my mother back and explain to her what the status of my case is; ③ Send me a detailed letter, updating me on the status of my case and the writ of cert petition.

Thank you

Sincerely,
Scott Traxler

Page
1 of 3

7/6/21

Mr. Lopez,

    I received your letter, and I thank you for keeping me up to date. I am not used to that. I called and left a message for you the morning of July 6 in response to your letter.

    I do not want to proceed pro se. I feel at this stage it is better to have a professional attorney prepare my petition for writ of certiorari, especially one who is the head of the appellate division. I know people who's cases you have handled, and I hear good things about your representation.

    My former attorney Fletcher Peacock and I had a very bad working relationship. I feel he has been ineffective at all stages of my case, but he really messed up my appeal. He did not raise my appellate issues correctly in my initial brief, and after informing him of this numerous times and after attempting to remove him from my case, he tried to raise these issues correctly in my reply brief (for the first time). This is what I was referring to on the phone. The court acknowledged this in my opinion. <u>United States v. Tracker, 981 F.3d 961, 969 (11th Cir. 2020)</u>.

2 of 3

The panel of the court clearly did not understand the technology as it relates to the issue in my case, we both know that. But I cant say I blame them. My appeal was based on the whole of this data that the government received from Kik. 26 pages, 594 location points, and 43 different IP addresses. But Mr. Peacock never thought to make that data part of the record. So the court never really had anything to look at. We kept saying there was all this data, this is what the government could and did do with it, but never bothered to show it to the court.

When reading the opinion in my case, the courts reasoning was wrong. But they came to that conclusion based on how the arguments within my briefs were raised, and on the record of my case (or lack there of).

I hope Mr. Peacock provided you with my whole entire case file, including all of the letters I've sent to him over the years with all of my notes. In the event he did not, I'm sending you a copy of one dated 12/21/20. This was my quick draft of a petition for Rehearing En Banc. Basically I detail in this my thoughts about the panel opinion of the court. Naturally, Peacock didn't actually use any of it, or really even address any of the

3 of 3

issues raised inside of it. But this is how I feel about the courts opinion, and the question I wanted raised En banc.

I truly believe the issue of government Surveillance is becoming a really big problem in todays Society and the issue in my appeal is of great concern to the public as a whole. From my short conversation with you, I think you feel the same way. I dont know if the Court will take the case, but I have a better feeling with you drafting the petition. If you need to Speak to me at all, I'm here. Send me a letter or call the prison and Set up a legal call. My case mgr is ms. Marks, you would need to speak to her to do that. If I think of anything, I will give you a Call. I look forward to Speaking with you again Soon.

Sincerely,
Scott Trader

Page
1 of 2

10/24/21

Mr. Bernardo Lopez

I have received your letter informing me of
the Supreme courts denial of my writ of cert petition.
Sadly, I was expecting that outcome. I understood the
Public Defenders office court appointment is now over.
However, IF you could simply provide me with some information,
It would be of great help.

First, The Supreme court denied my petition on
October 04, 2021. Does this mean I have until October
04, 2022 to file my 28 U.S.C. 2255 petition?

Second, I was wondering if you could point me
in a direction of a good attorney for my 2255
petition. The IAC claim is not against you obviously, and
I hope you can recommend Someone.

Third, I would like a copy of the whole case file
in the possession of the Federal public Defender. IF you
can not provide the whole case file, please tell me what I
have to do to aquire it.

fourth, How would I aquire my full Discovery?

2 of 2

Do I have to contact the U.S. Attorney's office to do this?

If you could help me with these 4 questions, It would help me more then words can say. I want to thank you for all your help in my case. My writ of cert was written well, and you did the best you could with what my previous attorney left you with.

I hope to hear from you soon.

Sincerely
Scott Trader

Page
1 of 2

11/15/21

Mr. Bernardo Lopez,

I received your latest letter and I thank you for replying to me. I especially want to thank you for the information regarding the 28 u.s.c. 2255 process. It is and will be helpful going forward.

I would like a copy of my case file if that is possible. If a copy is not possible, then yes I do want my whole case file anyway. If you could send it to me, that would be best. I know I would be taking a risk of losing it in custody, but its a risk im willing to take.

I would also like a copy of all discovery that the federal defenders office is legally allowed to provide to me. I understand some of it is prohibited by law, but there is much more that isnt. Ive tried to get a copy of my permitted discovery for years now from my previous attorney and to this day I only have parts of it. If a paper copy is not feasible, A C.D. copy can stay in my B.O.P. staff file here at the prison and I can request to see it.

Finally, I noticed on the side of your most recent letter to me, where the names of all the attorneys who work

2 of 2

For Michael Caruso are, R. Fletcher Peacock is no longer there. Did Mr. Peacock retire from the office of the Public Defender? He was my previous attorney out of the Fort Pierce office.

Once again, I thank you for all your help Mr. Lopez. I hope to hear from you soon.

Sincerely
Scott Trader

1 of 1

3/21/22

Mr. Lopez,

Hello Mr Lopez. I never received a response to my last letter four months ago, and I don't know if you ever received it. I'm providing another copy of it and re-requesting my file and discovery in my case. I hope im not being a burden, but time is of the essence. My deadline to file my 2255 petition is Oct 4, 2022 and unfortunately I do not have an attorney, I am proceeding Pro Se. Because of this, I would like to go over my file in case anything has been missed.

I hope to hear back from you as soon as possible and I thank you for all your time and help.

Sincerely,
Scott Trader

Exhibit F

1 letter written by Trader to his Attorney in his State of Florida Criminal case asking for help in his Federal case.

5 pages

1/24/19

Hi Lydia

    I need a favor from you. I'm sorry to ask because I know how hard you have been trying to keep your distance from my federal case for obvious reasons, but I have no one else to turn to. I need something researched at the State level and I can't research State case law in here, the BoP does not provide it.

    I believe I am charged wrong. Can't one in my federal indictment charges me with a violation of 18 U.S.C. 2422 (b), Enticement of a Minor to engage in sexual activity for which any person can be charged with a criminal offense. That is clear. What is not clear is what sexual activity I allegedly did, and how I am charged with a violation of 827.071 as a criminal offense. A look at the Stipulation of facts in my case (DC 22 :5-6 ) and at the transcript of my plea hearing (DC 52 : 20/21-25, 21(1-25) will show that the "criminal offense" I am alleged to have violated is FL Statute 827.071 (3) "Promoting a Sexual Performance by a Child", and 827.071 (5)(a) "Possession" of a sexual performance by a child. ①

1 of 5

Because 18 USC 2422 is vague and overbroad, it has been litigated a lot. There is no other case out of the State of Florida of Someone convicted of 2422(b) for violating 827.071, the States C.P. offense, and only one other case out of the 11th cir (georgia) charged with a C.P. related offense for a violation of 2422.② In total, there is only 8 other federal cases that I can find, which charge 2422 for a C.P. offense at all.

18 U.S.C. 2427 States which C.P. related offenses can be included in the definition of Sexual activity for which any person can be charged with a criminal offense for Chapter 18 U.S.C. 2421 et Seq. The Statute reads "the term Sexual activity for which any Person can be charged with a criminal offense" includes the Production of Child pornography, as defined in Section 2256(8)". That is the whole Statute, and production is the only C.P. related conduct criminalized.

Immediately the Statute Shows I can not be Statutorily charged with a violation of 827.071(5)(a) "Possession" of C.P. under 18 U.S.C. 2422(b). This Makes Sense with the logic that I can not be charged with "Knowingly persuading,

2 of 5

Inducing, enticing, or coercing a Minor to engage in"
"Possession of child pornography". And Since nothing clarifys
which FL offense the 2422 Violation is based off of, and only
States both are offenses, the rule of lenity should apply to my case
at the very least. ③

What I need help with is understanding FL Statute
827.071 (3), "Promoting a sexual performance by a child".
My Mother sent me the Statute itself but I can not get any
case law on it, and Im Struggling to understand what the Statute
of "Promoting" actually prohibits. Florida Statute 827.071 (i)(d)
defines "Promote" as "Means to procure, Manufacture, issue,
Sell, give, provide, lend, mail, deliver, transfer, transmute, publish,
distribute, circulate, disseminate, present, exhibit, or advertise
or to offer or agree to do the same". To Me, all of these
alternative Means Sound like different forms of "distributing" a
Sexual performance by a child.

What I am trying to ask is : Does this Statute mean
Someone is guilty of Promoting when they "distribute" a
Sexual performance by a child he or She has produced, Directed,
or promoted ? It Sounds to me that what is criminalized by
this Statute is not the production itself, but the distribution

of the performance. Someone can only be guilty of violating 2422 for production of C.P., not possession, and not distribution.

Florida Statute 827.071 (2) the "use of a child in a Sexual performance" which I am not charged with, sounds more like the conduct I am accused of doing. This sounds like the correct statute if someone were not present at the time of production, but instead enticed or induced a child over the internet to produce C.P., and even includes some of the same language found in 18 U.S.C. 2422 and 2251. 827.071 (3) does not.

If you are able to do some quick research for me, and answer these questions, it would help me tremendously. Alternatively, if you could send to me some case law that I could look over myself to answer these questions, that would help as well. The violation of 18 U.S.C. 2422 is the offense punishable by life, to which I am sentenced. Overturning that conviction would at least give me an out date. Please Lydia, I'm sorry but I need your help. I'm begging you, please help me.

Sincerely,
Scott Frische

4 of 5

(1) My indictment (DE 8:1) did not list what criminal offense I could have been charged with under the laws of Florida, to be charged under 18 U.S.C. 2422, nor did it reference 18 U.S.C. 2427. I did not find out about the Florida statute until the day of my plea hearing when I signed my "Stipulation of facts and acknowledgment of offense elements in support of guilty plea" (DE 22:56) See: United States v. Wescott, Dist. court of Nevada, April 16, 2015, 2015 U.S. Dist. Lexis 69133; See also: U.S. v. Lawson, S.D. FL 2008 U.S. Dist Lexis 60450, 8/8/08

(2) United States v. Macaluso, 460 Fed. Appx. 862 (11th Cir. 2012) In this case, Macaluso was charged with Violating Georgia statute 16-12-100 (b)(i), In which the language is very similar to 18 U.S.C. 2422 and 2251. 16-12-100 (b)(i) reads: "It is unlawful for any person to employ, use, persuade, induce, entice, or coerce any Minor to engage in or assist any other person to engage in any sexual explicit conduct for the purpose of producing any visual medium depicting such conduct."

(3) See: United States v. Taylor, 640 F. 3d 255, 259-260 (4th Cir. 2011)

Exhibit G

The only Personal letter Trader ever received from counsel dated 11/7/2018

2 pages

# FEDERAL PUBLIC DEFENDER
## Southern District of Florida
www.fpdsouthflorida.org

**Michael Caruso**
**Federal Public Defender**

Location: Fort Pierce

**Hector A. Dopico**
**Chief Assistant**

Miami:

**Helaine B. Batoff**
**Sowmya Bharathi**
**R. D'Arsey Houlihan**
**Anthony J. Natale**
**Paul M. Rashkind,**
  **Supervising Attorneys**

**Bonnie Phillips-Williams,**
  **Executive Administrator**

Stewart G. Abrams
Andrew Adler
Abigail Becker
Anshu Budhrani
Katie Carmon
Vanessa Chen
Eric Cohen
Tracy Dreispul
Christian Dunham
Daniel L. Ecarius
Aimee Ferrer
Ayana Harris
Celeste S. Higgins
Julie Holt
Sara Kane
Lauren Krasnoff
Bunmi Lomax
Ian McDonald
Kathleen Mollison
Joaquin E. Padilla
Ada Sissy Phleger
Arun Ravindran
Kathleen Taylor
Clea Weiss

Ft. Lauderdale:

**Robert N. Berube,**
  **Supervising Attorney**

Janice Bergmann
Brenda G. Bryn
Timothy M. Day
Chantel R. Doakes
Robin J. Farnsworth
Margaret Y. Foldes
Bernardo Lopez
Jan C. Smith
Michael D. Spivack
Gail M. Stage
Daryl E. Wilcox

West Palm Beach:

**Peter Birch,**
  **Supervising Attorney**

Robert E. Adler
Lori E. Barrist
Neison M. Marks
Caroline McCrae
Kristy Militello
Robin C. Rosen-Evans

Fort Pierce:

Panayotta Augustin-Birch
R. Fletcher Peacock

November 7, 2018

Mr. Scott J. Trader
Reg. No. 16118-104
USP Coleman II
U. S. Penitentiary
P.O. Box 1034
Coleman, Florida 33521

Re:   **United States v. Scott J. Trader**
      **Case No. 17-15611-BB**

Dear Mr. Trader:

I am writing to inform you of the status of your case and to answer some of the points in your letters of October 19th and 30th.

As you are aware, I have filed an initial brief on your behalf in the Eleventh Circuit Court of Appeals. You have been sent a copy of the brief. Normally, the government has 30 days in which to respond with its own brief. However, since you filed your pro se motions, the briefing schedule has been tolled until the court rules on your request. There is no deadline for the court's decision. Enclosed is a copy of the 11th Circuit docket report as of November 7, 2018.

As for your proposed brief, I read it. Suffice it to say that we just disagree on what constitutes an effective and persuasive brief. In my opinion, the brief I filed on your behalf is a very good brief that completely addresses all of the viable issues in your case. I believe we have a good chance of getting oral argument and, hopefully, a favorable opinion.

You should also understand that more is not always better. In my experience, it is exactly the opposite. Appellate judges and clerks appreciate succinct briefs. The *Carpenter* issue in your case is not overly

| **Miami** | **Ft. Lauderdale** | **West Palm Beach** | **Ft. Pierce** |
|---|---|---|---|
| 150 West Flagler Street | One East Broward Boulevard | 450 Australian Avenue South | 109 North 2nd Street |
| Suite 1500 | Suite 1100 | Suite 500 | Ft. Pierce, FL 34950 |
| Miami, FL 33130-1555 | Ft. Lauderdale, FL 33301-1842 | West Palm Beach, FL 33401-5040 | Tel: (772) 489-2123 |
| Tel: (305) 536-6900 | Tel: (954) 356-7436 | Tel: (561) 833-6288 | Fax: (772) 489-3997 |
| Fax: (305) 530-7120 | Fax: (954) 356-7556 | Fax: (561) 833-0368 | |

Mr. Trader
November 7, 2018
Page 2

complicated.   Moreover, topics like exigent circumstances should not be raised in
the defendant's initial brief.  They are government defenses.  Why would you raise a
defense for the government in your own brief?  That is a matter to be raised in the
reply brief *if* the government raises it as a defense.  The only reason I raised good
faith in the *Carpenter* argument was because the 11th Circuit's *Joyner* is arguably
controlling authority if the government raised good faith below.  But, as a general
rule, unless the government raises an affirmative defense it waives that ground.

I also noticed that you did not address Issues 2 and 3 in my brief.  Is that because
you did not wish to pursue them?  I believe they are good issues.

You also mentioned potentially speaking with Ashley Maddox' attorney.  In no
uncertain terms, I advise you to *not* do so.  Any statements you make can be used
against you.  Ms. Maddox' attorney represents her only and would have a definite
conflict of interest in representing or advising you on this case.  "Ms. Hopkins" has
never tried to contact me that I am aware of, and she should, ethically, before
speaking with you.

In closing, I would remind you that the attorney – client relationship is a two way
street.  I believe I have put a lot of time and effort into representing you.   However,
I don't remember a conversation with you, or letter from you, in which you have not
disparaged my representation.  Despite that, I have represented you to the best of
my ability and will continue to do so.

Sincerely,

Fletcher Peacock
Assistant Federal Public Defender

Enclosures
FP:dc

Exhibit H

Appellant's unfiled Response to Counsel's Reply Brief
dated 4/1/2019

23 pages

**17-15611**

Scott Joseph Trader
#16118-104
USP Coleman II - Inmate Legal Mail
G-2
PO BOX 1034
COLEMAN, FL 33521

---

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 01, 2019

Scott Joseph Trader
USP Coleman II - Inmate Legal Mail
PO BOX 1034
G-2
COLEMAN, FL 33521

Appeal Number: 17-15611-DD
Case Style: USA v. Scott Trader
District Court Docket No: 2:17-cr-14047-DMM-1

RETURNED UNFILED: Appellant's Response to Counsel's Reply Brief of the Appellant filed by Scott Joseph Trader is returned unfiled because you are represented by Counsel, see 11th Cir. R. 25-1.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Cheyenne Jones, DD
Phone #: 404-335-6174

MOT-11 Motion or Document Returned



U.S. COURT OF APPEALS
RECEIVED
CLERK
MAR 2 9 2019
ATLANTA. GA

March ATLANTA. GA 2019

In re: United States v. Scott Trader
No. 17-15611-BB DD

Cover Letter
Clerk of Court

Clerk of Court,

Please find the following response
enclosed for filing:

Appellant's Response to Counsel's
Reply Brief of the appellant.

Your assistance in the immediate
filing of this response is greatly appreciated.

*** Please return a "Stamped Filed copy" of
the foregoing response

/S/ Scott Trader
Scott Trader

Certificate of Interested Persons
And corporate Disclosure Statement

United States V. Scott Joseph Trader
Case No. 17-15611-BB

In accordance with 11th Cir. R. 26.1

Barnes, Antonia J., Assistant U.S. Attorney
Cannon, Aileen M., Assistant U.S. Attorney
Carlton, Stephan, Assistant U.S. Attorney
Caruso, Michael, Federal Public Defender
Fajardo Orshan, Ariana, U.S. Attorney
Ferrer, Wifredo A., Former U.S. Attorney
Greenberg, Benjamin G., Former U.S. Attorney
Gyires, Marton, Assistant U.S. Attorney
Hernandez, Christine, Assistant U.S. Attorney
Hopkins, Hon, James M., U.S. Magistrate Judge
Marks, Neison, Assistant Federal public Defender
Matthewman, Hon. William, U.S. Magistrate Judge
Maynard, Hon. Shaniek M., U.S. Magistrate Judge

Middlebrooks, Hon. Donald M., U.S. District Judge

Militello, Kristy, Assistant Federal Public Defender

Peacock, R. Fletcher, Assistant Federal Public Defender

Rubio, Lisa Tobin, Assistant U.S. Attorney

Smachetti, Emily M., Assistant U.S. Attorney

Trader, Scott Joseph, Defendant/Appellant

United States of America, Plaintiff/Appellee

Villafana, Marie, Assistant U.S. Attorney

/s/ Scott Trader

Scott Trader
Defendant/Appellant
Pro Se

NO. 17-15611-BB

In The United States Court Of Appeals
For The Eleventh Circuit

United States Of America,
Plaintiff - Appellee,

V.

Scott Joseph Trader
Defendant - Appellant

Now comes Appellant, Scott Trader, Pro se
Pursuant to 11th Cir. R. 46-10(c), and the
Sixth Amendment, of the United States Constitution,
with the instant response to Counsel's Reply
Brief of the appellant.

1 of 7

The appellant writes in response to Counsel's reply brief, primarily to address numerous concern's regarding this appeal, and if needed, complete the record for 28 U.S.C. 2255 purposes. On March 4, 2019, Counsel filed his reply to the governments brief. The reply captured the merits of the defendants argument for issue I, almost exactly as it was written within the appellants pro se Motion filed on January 18, 2019. However, for the following reason's, the appellant does not wish to withdraw his Motion, and respectfully asks this court to provide at least one of the forms of relief requested in that Motion.

While the merits of the defendants argument on the issue are now addressed within the reply brief (albeit against the defendants wishes, see: Pro se Motion: 8 / Number 18), and the brief put fourth the correct application of the law in response to the governments claims, the reply still did not address how law enforcement obtained the location records in this case, assumingly because counsel was barred from addressing it.

Although raised pre-trial (DE 13:10-12), Counsel for some un-explained reason, did not address the lack

of exigent circumstances, within his initial brief. Since the government obtained the location information through an emergency request, an actual emergency was required. The agents in this case represented that an emergency had taken place within their requests to the providers, but no emergency ever existed, nor could the agents have believed one did, based upon the events leading up to the requests. This was all addressed within the appellants pro se Motion. See: (Pro se Motion filed 11/8/19: 43-56 / Subsection E)

The entire reason this topic must be addressed, is to show agents in this case misrepresented information to the provider's, which would therefore defeat the good faith exception. This is something that counsel knew, but to the dismay of the defendant, chose not to include within, or avoid to include within, the initial brief. In a letter dated November 7, 2018, responding to multiple letters from his client, counsel unbelievably wrote: "Topics like exigent circumstances should not be raised in the defendants initial brief. They are government defenses. Why would you raise a defense for the government in your own brief? That is a matter to be raised in the reply brief if the government raises it as a defense." (See attached)

3 of 7

In a reply to counsel, mailed on November 29, 2018,
the appellant explained to counsel the importance of raising the
issue within the initial brief, and why:

"As to why exigent circumstances has to be addressed,
that is simple. The government, by statute, still complyed with
the S.C.A. by way of 18 U.S.C. 2702 (c)(4). The government
will say the agents relied on a valid statute (Illinois v. Krull)
or binding precedent (Davis v. U.S.), but the government
will not discuss what the agents said in relying on 2702
(c)(4), as they previously have shown. See: (DE 14). And
why would they? The fact that HSI flat out lied in their
requests is not something you addressed in the motion to suppress,
despite begging you to do so. The district court never had
the opportunity to address that issue, only the obvious
statutory issue that the government did address (DE 14:10)
in which the district court agreed KiK believed an emergency
existed based on what the agents said. (DE 15:9)
The fact I even have to address this with you makes me think
that even after reading my brief, you still do not understand
the argument I need to make. The fact that good faith is
written into the statute on KiKs part, is what the government
will address. Why would they say anything else?" (See Attatched)

4 of 7

Counsel never responded. Subsequently, on January 10, 2019, the governments brief was Filed. Within their brief, the government addressed the Emergency Disclosure request (exigent circumstances) and why the good faith exception should apply. (gov. br. : 24-29 ) Coincidentally, the government raised, and addressed the issue exactly how the appellant informed counsel they would, which was also how the government addressed the issue pre-trial. (DE 14:9-10) Specifically, the government noted "There has been no allegation that the government misled the Kik providers when they requested the information associated with an account involved in the exploitation of children." (gov. br.:28)

But although the government raised the issue, noticeably missing from the reply brief filed by counsel, is any mention of : the lack of exigent circumstances, or why the good faith exception does not apply. Counsel re-wrote and filed most of issue I from appellants pro se motion, but stopped short of doing what he said he would do, "raise I [ It ] in the reply brief if the government raises it as a defense." See and compare : (appellants reply brief : 14-15 / subsection D) with : (appellants pro se motion filed 1/18/19 : 43-56 / subsection E, 57-64 / subsection F)

5 of 7

This is a crucial, relevant, and key part of appellants argument, in which it appears, counsel willfully left out, once again leaving it to the courts to argue for him. Without this part of appellants argument being raised, the end result will be an unwarranted affirming of the defendants convictions and sentence, even with a favorable decision from this court on his issues. Addressing this issue within the appeal is one of the driving reason's the appellant signed the plea agreement in this case.

Additionally, there are other issues the defendant wants to bring before the court. Some of these were raised within issue II in appellants pro se motion. See; Motion : 85-92 /subsection D. These particular issues were not raised pre-trial, or stipulated within the plea agreement, and therefore would only be subject to a plain error review. However, a plain error review is all the defendant would need to convince this court that he is correct on at least one of these issues. Moreover, although a conditional plea agreement was reached in this case, the defendant did not waive, within the plea agreement, or throughout the plea colloquy, any post conviction rights to appeal or collaterally attack. Instead, the defendant preserved his right to appeal his pretrial motion, which was limited to the two

issues raised within. See: (DE 21), (DE 52). Assumingly, counsel may believe a waiver exists, and therefore is the reason this issues were not raised. The defendant does not know, there is no communication. But the defendant would not have signed the plea agreement if there were. The appellant respectfully requests the right he is owed, and bring all issues before the court.

The appellants pro se Motion was signed, dated, and mailed using the institution's internal legal mail system on January 3, 2019, and as such, is considered filed on that date, seven days before the government filed their brief, and sixty days prior to counsel's reply.

Therefore, because of the reason's listed within and more, it is in the interest of Justice that this court grant any or all forms of relief sought within the pro se Motion, before deciding the Merits of the defendants appeal.

Sincerely,

/s/ Scott Tindall

Scott Tindall

## U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF SERVICE

_United States_ vs. _Scott Trader_ Appeal No. _17 - 15611 - BB_

FRAP 25(b) through (d) (see reverse) requires that at or before the time of filing a paper, a party must serve a copy on the other parties to the appeal or review. In addition, the person who made service must certify that the other parties have been served, indicating the date and manner of service, the names of the persons served, and their addresses. **You may use this form to fulfill this requirement.** *Please type or print legibly.*

I hereby certify that on (date) _March 25th, 2019_,

a true and correct copy of the foregoing (title of filing) _Letter of Response to counsel_

with first class postage prepaid, has been (check one)

☐ deposited in the U.S. Mail

☑ deposited in the prison's
internal mailing system

and properly addressed to the persons whose names and addresses are listed below:

_Eleventh Circuit Court of Appeals_

_56 forsyth Street, NW., Atlanta, Georgia 30303_

_Fletcher Peacock, Federal public Defender_

_109 North 2nd Street, Fort Pierce, FL 34950_

_Emily M. Smachetti, Chief, Appellate Division, U.S. Attorneys office_

_99 N.E. 4th Street, 5th floor, Miami, FL 33132_

_Scott Trader_
**Your Name (please print)**

_Scott Trader_
**Your Signature**

*Please complete and attach this form to the original document and to any copies you are filing with the court, and to all copies you are serving on other parties to the appeal.*



This packaging is the property of the U.S. Postal Service and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.

**PRIORITY MAIL**

$0.00
R2305H1207076-12

FROM: Scott Trader
Reg. No. 16118-104
USP Coleman II
U.S. Penitentiary
P.O. Box 1034
Coleman, FL 33521

TO: United States Court
of Appeals, Eleventh Circuit
Office of the Clerk
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

CLEARED SECURITY

MAR 2 9 2019

U.S. MARSHALS SERVICE
Atlanta, Georgia

Legal Mail

- DATE OF DELIVERY SPECIFIED*
- USPS TRACKING™ INCLUDED*
- INSURANCE INCLUDED*
- PICKUP AVAILABLE
  * Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

EP14F July 2013
ID: 12.5 x 9.5

UNITED STATES
POSTAL SERVICE

USPS TRACKING #

9114 9999 4431 4620 1385 15

This envelope is made from post-consumer waste. Please recycle - again.

Exhibit I

Appellant's unfiled Memorandum of Law in Support of
Appeal, dated 7/10/2019

28 pages

**17-15611**

Scott Joseph Trader
#16118-104
USP Coleman II - Inmate Legal Mail
G-2
PO BOX 1034
COLEMAN, FL 33521

-------------------------------------------------------------------------------------------------

-------------------------------------------------------------------------------------------------

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 10, 2019

Scott Joseph Trader
USP Coleman II - Inmate Legal Mail
PO BOX 1034
G-2
COLEMAN, FL 33521

Appeal Number:  17-15611-DD
Case Style:  USA v. Scott Trader
District Court Docket No:  2:17-cr-14047-DMM-1

RETURNED UNFILED: Memorandum of Law in Support of Defendant's Appeal filed by Appellant Scott Joseph Trader is returned unfiled because you are represented by Counsel, see 11th Cir. R. 25-1.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Cheyenne Jones, DD
Phone #: 404-335-6174

MOT-11 Motion or Document Returned

July 1, 2019



IN Re: United States v. Scott Trader
       NO. 17-15611- D.D

Cover Letter
Clerk of Court

Clerk of Court,
        Please find the following Memorandum
enclosed for Filing:

        Memorandum of Law in support of
Defendants Appeal

        Your assistance in the immediate
Filing of the above specified Memorandum
is appreciated.

        Please return a 'Stamped Filed copy'
of the foregoing Memorandum

                                /S/ Scott Trader
                                Scott Trader

<u>Certificate of Interested Persons</u>
<u>And corporate Disclosure Statement</u>

<u>United States v. Scott Joseph Trader</u>
<u>Case No. 17-15611-BB</u>

In accordance with 11th Cir. R. 26.1

Barnes, Antonia J., Assistant U.S. Attorney

Cannon, Aileen M., Assistant U.S. Attorney

Carlton, Stephan, Assistant U.S. Attorney

Caruso, Michael, Federal Public Defender

Fajardo Orshan, Ariana, U.S. Attorney

Ferrer, Wifredo A., Former U.S. Attorney

Greenberg, Benjamin G., Former U.S. Attorney

Gyires, Marton, Assistant U.S. Attorney

Hernandez, Christine, Assistant U.S. Attorney

Hopkins, Hon, James M., U.S. Magistrate Judge

Marks, Neison, Assistant Federal public Defender

Matthewman, Hon. William, U.S. Magistrate Judge

Maynard, Hon. Shaniek M., U.S. Magistrate Judge

Middlebrooks, Hon. Donald M., U.S. District Judge

Militello, Kristy, Assistant Federal Public Defender

Peacock, R. Fletcher, Assistant Federal Public Defender

Rubio, Lisa Tobin, Assistant U.S. Attorney

Smachetti, Emily M., Assistant U.S. Attorney

Trader, Scott Joseph, Defendant/Appellant

United States of America, Plaintiff/Appellee

Villafana, Marie, Assistant U.S. Attorney

/s/ Scott Trader

Scott Trader
Defendant/Appellant
Pro Se