Exhibit W

Trader's Pre-Trial Notes

26 Pages

Exhibit X

Draft Argument for Franks hearing on appeal

22 pages

Exhibit 5

Notes and letter's Showing Trader's Mental State of Mind
between 9/26/17 - 9/29/17

9 pages

Page 1 of 9

9/26/16 9/27/16

My Princess, Samantha

    I'm writing you this letter while I still have the right to say that your daddy. I want you to know that I love you and your sister more than anything. I wish I could have all the chance to watch you grow. You always made me so proud of you, And I know you will always be that leader and not a follower, Just like I always told you to be. Since Feb 24th '06, My life revolved around you. Not a day has gone by since that you haven't been first in my head, or heart. I hope, as you get older, you will remember me, for the daddy that I was, the man that I was and wanted to be, that Role Model for you. I was that father that did everything he could to make sure you were happy, and had everything you ever wanted. I want you to remember that loving, caring father who made sure to tuck you into bed everynight. Reading the same book to you as I always did, Goodnight Moon. I want you to remember Princess Samantha's goodnight moon. I want you to remember all the birthday partys and christmas mornings. Remember me, for me. Please Don't remember me for what your mom thinks says. And tells you. I an Remember Barbie and the Diamond castle. Watching that movie over and over Singing "If I could wish for one thing, I'd take to sure that your being, where ever you go in this world I'll come along. Together we dream the same dream, forever I'm here for you, you're here for me, Two voice's, one song.

    I want you to remember all those christmas mornings, All the gifts Santa used to bring, for you. All the toys and clothes, you used to get so overwellened. And the Easter basket's the Easter bunny brought you And All the stuffed animals you had. OMG they were everywhere! I want you to remember all the fairs and festivals we went to together, And all the friends you had. I want you to remember me for the daddy that would always look through your bookbag when you came home from school, And the daddy who always helped you with your homework. I want you to remember me as the daddy who could never get mad at you, And if I did, I didn't yell at you. I want you to remember me, my face, The one you could not look at without laughing. I want you to remember playing jokes on me, like telling me you spilled soda all over the car, Just to see me run to it

with A towel. I want you to remember the ice bucket Challenge, dumping ice on me. And when I made you laugh so hard, Milk Squirted out of your Nose, and hit me, which Made you laugh More.

We were always a family Sammie, And we always will be. It was grandma who used to Stay with you in the bathroom when you went poop (plop), And used to tuck you back in at Night if you woke up. And grandpa, who would Play and play with you whenever you were home. All the times you would Slide down the Stairs, he would love Seeing you Smile. And you know "Grandpa Leon Loves Samantha", he used to Rock you back and forth Singing that Song

We All Love you, And we all always will. But me, Sam you were my First born. My whole world begins and Ends with you, I Never, Ever wanted any of this to happen. I want you to Know Princess, I Never hurt you, No Matter what anyone Says. Daddy may have had lots of problems, but I would Never hurt you, or your Sister. Your mom Messed up my life So Much, I can Never get it back. But thats ok, As long as you always Remember me For who I always was.

I'm Sorry I'm not around, And Never got to see you grow up. I wish I could turn back time, but I can't. I want you to Remember me Saying to you everynight before you went to Sleep, "Goodnight, Sleep tight, pleasant dreams, I Love you." I want you to Know I Say that every night to the brightest Star in the Sky. So, whenever you want to talk to me, Just look up at that Star and I'll hear you. Till then, Just Know I'll always be looking down on you, I'll always be with you, My Princess. I Love You.

Love,

Ds. - Keep Singing!                    DaDDy, And I always will be your daddy.
I Love when you Sing,
I can Still hear you Sing.

★ pose Kissie, Lets you nose ★

Page 3 of 9

9/26/16 / 9/27/17

My Angel, Rabeka

I'm writing you this letter while I still have the Right to say I'm your Daddy. I want you to Know that I Love you and your Sister more then anything. I wish I could have had the chance to watch you grow. I hope you will Remember me, And I hope you hear the good things about me. Being away from you is the hardest thing. I'm used to not seeing your Sister around much, But you and your Mom are my world. I never thought I would have to live without you. But I want you to Know, whenever you need to talk to me, Just look up at the brightest Star in the sky, And talk. I'll hear it. I will always be looking down on you, So I will always see you. You always made me proud, All the little things you used to do. You were the biggest, little helper anyone could ask for. Whenever anyone was doing something, You wanted to help. And you would be a really good helper. And whenever anyone was eating anything, You were always right there, to help them finish there food, And I loved every second of it. I used to love to see you run to the table whenever I was eating, or grandpa was eating, Your eyes would twinkle, Just like your mom.

Rabeka, I'm not a bad man. I tried very hard to give you, and your Sister everything that I never had. I want you to remember all the times I would tuck you into bed, give you a nose Kiss, And Kiss you goodnight, You would lick my nose. You used to lick everything, trees, the ground, doors, you name it. I want you to remember how many stuffed animals you had, And how daddy used to fix them all nice and neat on your bed. I want you to Remember laying in bed with me every night, watching Sprout while I pat your butt till you fall asleep. I want you to remember cuddling up with me and watching Troll's, You kept saying over and over again, Daddy, Daddy, Daddy, Daddy, Daddy. Just like in the movie. Or watching Secret Life of Pets, you loved Max, Gidget, and Cloey the fat cat. I want you to Remember me, chasing you around the house, always running in circles around the Kitchen, I want you to remember drawing me all those little people on the wall that you always Drew at bath time.

Page 4 of 9

Rabeka, I want you to remember that we were a family. I was never happier in my life then when I had you and your Sister and Mom next to Me, We were a happy Family, I always Smiled whenever I looked at you, alot of the times because you would dress yourself in weird clothes and costumes and would look Silly. I Loved when you did that. And you would chase the doggie's around and Flip over anything and Everything. You were My Jumping Shrimp (You were Such a tiny Kid). I hope you are doing well in gymnastics, you were a natural at it, and I wish I could see you now. I also hope you like School and are doing good in Pre-K. It hurts Me So Much to Know Im not a part of your life anymore. All I ever wanted to do was See you Succeed in School, And I Know you will, you are Very Smart. You learned New things So fast! You are very, Very Smart, like your Mom and I.

I hope you were Cinderbrella (that how you used to Say her name.) For Halloween this year. You wanted to be her so bad. I'll always be watching over you Rabeka, Not a moment goes by that I dont think about you. Im Sorry Im not around now baby, Daddy has made alot of bad choices in life, but I was a good hearted man, who would give the Shirt off his back to anyone and I would never hurt anyone, Ever. Please Know that about me, ok baby. Your my Angel, I Love you and I will always be there for you, even if it's Just in Spirit. Always keep your head up, Your a Trader, and you have a whole Family who loves you to the moon and back. I Love You Rabeka, My Angel

Love,
DADDY, And I will always be your daddy.

P.S. - You always were a
Mommy's Girl, but You had
my heart, I Love u ♥
Take care of Mommy for me.

* Nose Kissie, Licks your nose *

Page 5 of 9

2/26/19

My wife, Katrina

      I'm writing you this letter while I still have the right to say I'm your husband. I love you Katrina. I always have, And I always will. You have made me happy in so many ways. I can't say I'm sorry enough to you. I let you down so much, And I have no excuses for that. We were supposed to be together forever, till we grew old and gray in each others arms. There is no one to blame here besides me. I never wanted to hurt you, that's the last thing I wanted, but that's what happened. I hope you find happyness again, you deserve it so much. You are such a good person, And a great wife and mother.

      I just hope you don't forget about me. We had alot of fun and good times together. 5½ years. That's a long time. As of now, its 5 years and 10 months, but I know I'm the only one who thinks that, And I always will. To me, you are and always will be my wife.

Page 7 of 9

8/26/14/9/24/14

To Everyone -

As I sit here writing to write everyone I hold dear to my heart a letter, I'm faced with the Reality that I Just can't do it. I'm crying and crying and crying. Knowing that I'm never going to see anyone again, and if I do, it will be inside the walls of a prison. I'm never going to another b-day party, or BlackFriday Shopping for the Kids and Keith. I'm Never going on that honeymoon I promised Trina we would go on one day. I'm never getting that house I always wanted for Myself and my family. I'm never going to be the man I wanted to be, and Should have been.

I Sit here and ask Myself, Am I willing to Spend Every Single Feb 27th, Dec 24th, July 9th, July 19th, April 16th, June 13th, Nov 22nd, Dec 3rd, Feb 8th, April 5th, and Many, Many More Dates that I hold dear to my heart, In prison, without the people I love the Most. Am I willing to Spend Every Single Christmas, Thanksgiving, New Years, Easter, Halloween, July 4th, Valentines Day, And Every other Holiday, in prison without anyone that I Love around me.

Am I willing to Sit here as my parents grow old, My Kids grow up, My wife Remarrys, And My pets pass away, All while I'm behind the walls of a prison.

Am I willing to let life, and Time, pass me by. The answer is no. I'm not willing, nor Do I have the heart, or the Strength to do So. My heart would hurt to much, Knowing that I am not there. I Know they Say that time heals all wounds, but there is not enough time in A lifetime to heal mine. I'm an Emotional guy, I always was. I guess that's why I could never Intentionaly hurt someone, Even tho I always Manange to hurt Everyone.

So, here as I Sit in My cell, The Day I found out I'll be Spending more then likely the rest of my life in prison, I Still have 34 hours left (roughly) of being able to call myself a Daddy, And about 60 hours left (roughly) before I am convicted of a crime, that will take my freedom from me. It is within this time that I will take my own life, And then once done, I will be able to always be with the people I love and not Just the Speical days, but all Days, till the end of time.

As I sit here in my cell, I want to have the memories of Everyone, Still Fresh till will end. I Dont want them to fade over time, I want to die with them, as if they were recent. The Very last time I went out with my mommy. Mom, Rabeka, and me all went out to Martin county. Mom wanted to go to Big lots to see if they had the chair to match the new couch and loveseat we had Just bought. So we went there to look and then went to Five below. Mommy really liked that tore. RaleKa had So much fun there too. She got Swedish fish, Neon bright Shirts and hour glasses. It was a good day. That was Sat. May 28th 2014.

The last time I went out with Dad I hardly Dont Remember. But I do remember the last big Loject we did together. We took the living room couch and moved it into moms Room, by the wall. It took Forever to figure out how to do it, but once we got it apart, took the back off, and moved it Dad was happy. I always loved to see him Smile.

There weren't to many things I Did with Leon and Keith, but I saw them every Single Day and I cant forget them.

The last place Trina and I went, Just ourselves was aquatica. We had a ball, went on every ide almost, and Spent Forever in the Rapids. Trina felt So bad about not having Rabeka with us, that we left early and took her bowling after when we got home. Trina is an amazing on. That was Monday, May 22nd 2014.

The last place Trina and I went as a family with Rabeka was Cwheels on gatlin. It was my open like 2-3 weeks. Trina wanted a Banana Split So bad. She loved it, and So Did Rabeka. I had a burger and Fries, So Did Trina. Rabeka had chicken tenders. We Sat by the window looking out to the Drive through and gatlin. We went there after Trina got home from work on Tues, May 30th 2014.

The last time I Saw Dear besides court was Sept 8th 2016. She was getting ready for School, I hugged and Kissed her goodbye, before I left for work that morning. That was a Thursday.

These less Memorys, and Many, Many more are Still Fresh in my mind. I will always cherish them. I have an amazing Family, From my mom and Dad, Stepfather and Brother, to my wife and kids. What happened to me is nobodys Fault but my own, with help From Leonna.

Page 9 of 9

Along the way. There is nothing anyone could have done different besides her and I. She called me these things so much that I became what she called me. Its like a child being called stupid everyday for 5 years. That child is going to think he/she is stupid. Well, I went through 5 years of being accused of something, I heard it so much I became what I was accused of. Im sorry, to everyone. I cant take it back, And I will never get the chance to make it up.

I promise you all, I will always be there, looking over you from up above. You are all my family. I love you all so much that I litterally can not live without you. Im a little boy inside of this 32 year old mans body. This is the hardest thing, to know Im never going to see anyone again. I want you all to keep me in your hearts, please Dont let the kids forget about me, and please help each other get through this.

I love you Mommy. I love you Daddy. I love you Sean. I love you Keith. I love you Samantha. I love you Rebeka. I love you Katrina. I love you doggies. Storm and lighting, I love you turtles, And I will see you soon Thunder, Cujo, Bootsie, Jet. I will see you soon grandma, grandpa, Nanny, uncle Billy.

I'll always love all of you, and Im sorry

Love, your son, brother, Husband, and Father

Scott Fricke

Exhibit Z

Supplemental Discovery in Trader's State Criminal case

2 Pages

Filing # 150588234 E-Filed 05/31/2022 04:45:02 PM

IN THE CIRCUIT COURT OF
THE NINETEENTH JUDICIAL CIRCUIT IN
AND FOR SAINT LUCIE COUNTY, FLORIDA

STATE OF FLORIDA

Case No. 56-2016-CF-003220-A

-VS-

Scott Joseph Trader
        Defendant

### Eleventh Supplemental Answer to Demand

    COMES NOW the State of Florida, by and through its undersigned State Attorney and files this Supplemental Discovery Exhibit pursuant to Fla. R. Crim. P. 3.220(j) and amends the original State's Discovery Exhibit by either amending information concerning witnesses by (adding a new witness/changing the category of a previously listed witness/changing the address of a previously listed witness) and/or adding other material which has come into the State's possession since the original Exhibit was filed:

### STATE'S DISCOVERY EXHIBIT

(1) Pursuant to Fla. R. Crim. P. 3.220(b)(1)(B) through (L), the State discloses to the defendant, and will permit the defendant to inspect, copy, test, and photograph the information and material within the State's possession or control as specifically identified below.

    (A) <u>Fla. R. Crim. P. 3.220 (b)(1)(A)</u>  The names and addresses of all persons known to the prosecutor to have information which may be relevant to any offense charged, or to any defense thereto, or to any similar fact evidence to be presented at trial under section 90.404(2), Florida Statutes, are listed below.

        (i)   <u>Category A Witnesses:</u>  Pursuant to Fla. R. Crim. P. 3.220 (b)(1)(A)(i), the State identifies witnesses encompassed by this section with an 'A' preceding their name.  Separately identified within this category are persons who were present when a recorded or unrecorded statement was taken from or made by a defendant or codefendant, and these witnesses names are preceded by an 'S'.

        (ii)  <u>Category B Witnesses:</u> Pursuant to Fla. R. Crim. P. 3.220 (b)(1)(A)(ii), the State identifies witnesses encompassed by this section with a 'B' preceding their name.

        (iii)  <u>Category C Witnesses:</u> Pursuant to Fla. R. Crim. P. 3.220 (b)(1)(A)(iii), the State identifies witnesses encompassed by this section with a 'C' preceding their name.

The following list of discovery is being provided:

---

"(C) and/or (D)" RESPONSE and/or OTHER DISCOVERABLE MATERIAL:

pp 131 - 138
Stipulation of Facts that is signed by the defendant from federal case number 2:17-cr-14047-Middlebrooks.

SAM0002:  Search Warrant Affidavit and Search Warrant;  Photos from execution of search warrant.

---

Agency Number: 2016-20329
Lab Number:
CAD Number:

Digital Media available as indicated below (see Electronic Discovery receipt for details):
  FWC Bodycam Link Expiration Date:
  Evidence.com Link Expiration Date:
  Motorola Bodycam Link Expiration Date:

  I HEREBY CERTIFY that a true copy of the foregoing has been furnished to, Mary Celidonio, by eservice/email at the designated email address of Mary.Celidonio@pd19.org, Dawn.Johnson@pd19.org  on May 31, 2022.

RESPECTFULLY SUBMITTED
THOMAS R. BAKKEDAHL
State Attorney

By: /s/ Donald R. Richardson
Donald R. Richardson
Assistant State Attorney
FL Bar#: 779121
411 S. 2nd Street
Fort Pierce, FL 34950
(772) 465-3000
Designated eService address:
SA19eService@sao19.org

AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District Southern District of Florida |
|---|---|

| Name (under which you were convicted): Scott Joseph Trader | Docket or Case No.: 2:17-CR-14047-MIDDLEBROOKS |
|---|---|
| Place of Confinement: U.S.P. Coleman II, 846 N.E. 54th Terrace, Coleman, FL 33521 | Prisoner No.: 16118-104 |
| UNITED STATES OF AMERICA     V. | Movant (include name under which convicted): Scott Joseph Trader |

**MOTION**

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

UNITED STATES DISTRICT COURT, Southern District of Florida, Ft. Pierce Division
101 South U.S. Highway 1, Ft. Pierce, Florida 34950

(b) Criminal docket or case number (if you know): 2:17-CR-14047-MIDDLEBROOKS

2.  (a) Date of the judgment of conviction (if you know): 09/29/2017

(b) Date of sentencing: 12/07/2017

3.  Length of sentence: Total term of LIFE

4.  Nature of crime (all counts): Enticement of a minor to engage in sexual Activity, in violation of 18 U.S.C. 2422(b) (Count 1); Distributing material involving the sexual exploitation of minors, in violation of 18 U.S.C. 2252(a)(2) and (b)(1) (count 2); Possession of material involving the sexual exploitation of minors, in violation of 18 U.S.C. 2252(a)(4) and (b)(2)(count 3); and Producing material involving the sexual exploitation of minors, in violation of 18 U.S.C. 2251(a) and (e)(count 5)

5.  (a) What was your plea?  (Check one)

(1) Not guilty ☐          (2) Guilty ☑          (3) Nolo contendere (no contest) ☐

6.  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6.  If you went to trial, what kind of trial did you have?  (Check one)          Jury ☐          Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?          Yes ☐          No ☑

AO 243 (Rev. 09/17)

8.  Did you appeal from the judgment of conviction?    Yes ☑    No ☐

9.  If you did appeal, answer the following:

    (a) Name of court: _United States court of appeals for the Eleventh Circuit_

    (b) Docket or case number (if you know): _17-15611_

    (c) Result: _Affirmed_

    (d) Date of result (if you know): _November 25, 2020_

    (e) Citation to the case (if you know): _United States v. Trader, 981 f.3d 961 (11th cir. 2020)_

    (f) Grounds raised: _1. whether the government's procurement of the defendant's "KIK" subscriber records, including location information, without a warrant was a violation of Mr. Trader's reasonable privacy expectation under the fourth Amendment. 2. whether the affidavit in support of the warrant to search Mr. Trader's home failed to show probable cause on its face. 3. whether Mr. Trader's sentence of life imprisonment was substantively unreasonable._

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☑    No ☐

       If "Yes," answer the following:

       (1) Docket or case number (if you know): _21-5323_

       (2) Result: _Denied_

       (3) Date of result (if you know): _October 04, 2021_

       (4) Citation to the case (if you know): _Trader v. United States, 142 S.ct 296; 211 L.Ed 2d 139 (oct. 4, 2021)_

       (5) Grounds raised: _1. whether the government conducts a search under the fourth Amendment when it accesses historical I.P. address records for a mobile app that provide a comprehensive chronicle of the user's past movement?_

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐    No ☑

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

AO 243 (Rev. 09/17)

(4)   Nature of the proceeding: _____

(5)   Grounds raised:

_____

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐        No ☐

(7)   Result: _____

(8)   Date of result (if you know): _____

(b)  If you filed any second motion, petition, or application, give the same information:

(1)   Name of court: _____

(2)   Docket of case number (if you know): _____

(3)   Date of filing (if you know): _____

(4)   Nature of the proceeding: _____

(5)   Grounds raised:

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐        No ☐

(7)   Result: _____

(8)   Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)   First petition:        Yes ☐         No ☐

(2)   Second petition:     Yes ☐         No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** <u>Trader is actually innocent of Violating 18 U.S.C. 2422(b) (Count 1)</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

2422(b) Prohibits anyone from engaging in "Any Sexual Activity for which any person could be charged with a criminal offense". The underlying completed "Sexual Activity" Trader's Violation is based upon, is two State of Florida offenses involving Child Pornography. However, according to the federal definition of "Sexual Activity" (relating to the inclusion of Child Pornography), these two underlying offenses (Possession and Promotion), do not fall within the Meaning of "Sexual Activity" for a Violation of 2422(b).

(See Memorandum of Law, Section II)

---

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

This issue was not Presented or Preserved based on the deficient and ineffective assistance of counsel.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

---

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐    No ☐

AO 243 (Rev. 09/17)

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**   _Trader is actually innocent of violating 18 U.S.C. 2422 (b) (count 1)_

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

2422 (b) Prohibits anyone from enticing any individual who has not attained the age of 18 years, to "engage" in "any sexual activity" for which any person could be charged with a criminal offense. "Sexual activity" is defined in 18 U.S.C. 2427 as including "the production of child pornography", and the underlying completed "sexual activity" Trader is convicted of, among many, is the production of child pornography. However, the specific conduct set forth within the statement of facts for count 1 does not constitute an offense under the statute. Further, sufficient evidence is lacking to satisfy the elements of a completed section 2422 (b) violation. Trader was not "engaged" in the production of the child pornography that was "sent" to him, and because he did not play an active role in the production of the pornography, he is actually innocent of the 2422 (b) violation.

(See: Memorandum of Law, Section II)

(b)   **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

AO 243 (Rev. 09/17)

(2)   If you did not raise this issue in your direct appeal, explain why:

*This issue was not presented or preserved based on the deficient and ineffective assistance of counsel.*

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

AO 243 (Rev. 09/17)

**GROUND THREE:** _Trader's Defense attorney rendered ineffective assistance_

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Ineffective assistance was rendered because counsel failed to investigate the specific facts of Trader's case, the charge against him, and the case law in effect at the time of Trader's plea. Specifically and for the reasons set forth in Sections II and III of Trader's memorandum of Law, when counsel failed to dismiss count 1 of the indictment, and when he advised Trader to plead guilty to it.

(See: memorandum of Law, Sections II and III)

_____

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

The issue of ineffective assistance of counsel is appropriately raised in a motion to vacate pursuant to 28 U.S.C. 2255 as it requires an evidentiary hearing.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** Appellate counsel was ineffective for failing to argue on appeal

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

That Trader: 1. was actually innocent of Count 1; 2. There was insufficient evidence to convict for count 1; 3. The factual basis does not support a conviction under Section 2422 (b).

(See: Memorandum of Law, Section IV)

(b)   **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2)   If you did not raise this issue in your direct appeal, explain why:

The issue of ineffective assistance of counsel is appropriately raised in a Motion to vacate pursuant to 28 U.S.C. 2255 as it requires an evidentiary hearing.

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue:

_____

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which
ground or grounds have not been presented, and state your reasons for not presenting them:

The grounds presented in this motion were not previously presented based
on the deficient and ineffective assistance of Counsel. Ineffective
assistance of Counsel claims are properly raised in a motion to vacate
Pursuant to 28 U.S.C. 2255.

_____

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND *Five: Trader's appellate counsel was ineffective for failing to raise issues for the first time in the initial brief, as opposed to the reply brief.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(See: Memorandum of Law, Section Ⅳ)

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

The issue of ineffective assistance of counsel is appropriately raised in a Motion to Vacate pursuant to 28 U.S.C. 2255 as it requires an evidentiary hearing.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

AO 243 (Rev. 09/17)

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND** Six : _Counsel was ineffective for failing to object in any Meaningful way to the introduction of a "Parenting Plan evaluation" report at Sentencing._

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

This report was conducted in 2013 as part of Trader's on-going child custody dispute. The report is highly confidential, protected as private under the laws of the State of Florida, and the united States, and was obtained by the government illegally from Trader's electronic device. Additionally, this report specifically factored into the judges determination when Sentencing Trader to LIFE in prison. counsel's failure to object to anything but the relevance of that report, dispite Trader informing him of such grounds, constitutes ineffective assistance during Sentencing.

(b)   **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐        No ☑

AO 243 (Rev. 09/17)

(2)   If you did not raise this issue in your direct appeal, explain why:

*The issue of ineffective assistance of counsel is appropriately raised in a motion to vacate pursuant to 28 U.S.C. 2255 as it requires an evidentiary hearing.*

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐      No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐      No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐      No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND SEVEN:** Trader's plea of guilty to all counts of the indictment was made unknowingly and involuntarily, and counsel rendered ineffective assistance when

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

he failed to raise issues of merit to the District court, and led Trader to believe he could appeal them. Specifically when Trader pled guilty to his conditional plea agreement, he believed part of his preserved issue II, was a challenge to the facts in the affidavit for the Search warrant. Trader was made to believe by counsel, that his rights on appeal would include the ability to request a Franks hearing due to the numerous falsehoods and omissions within the affidavit to Search. Trader had repeatedly requested counsel file a Motion for a Franks hearing Pre-trial, claiming without these intentional falsehoods, the affidavit would lack probable cause. Counsel had assured Trader that, because the Search warrant affidavit was challenged in a motion to Suppress (on other grounds), and he had pled guilty conditionally, he had preserved the right on appeal to challenge the misleading falsehoods within the affidavit. Counsel clearly mislead Trader, and had he known these rights were not preserved, he would have elected to go to trial rather than plead guilty conditionally.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

The issue of ineffective assistance of counsel is appropriately raised in a motion to Vacate pursuant to 28 U.S.C. 2255 as it requires an evidentiary hearing.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND Eight:** Trader's plea of guilty was not made intelligently, and therefore was made unknowingly and involuntarily because he did not possess the correct mental state of mind

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

On September 29, 2017 to make such a decision. On September 28, 2017, mere hours before the change of plea hearing, Trader experienced a traumatic event in State court when the Department of Children and Families terminated his parental rights over his two minor children. In addition, in the time between the two court hearings, Trader was held in the special housing unit where he attempted suicide in his cell. Counsel was made fully aware of all events leading to the change of plea hearing by Trader, and continued to encourage him to plead guilty by informing him that it would be in his best interest, the hearing was already scheduled, and the court frowns upon wasting their time. But if counsel would have rescheduled the change of plea hearing to a later time when Trader was not numb to everything happening around him, he would have realized the issues which are now being raised in at least four grounds of this petition, Moreover, Trader would have fully considered the impacts a guilty plea would have on both his federal and state cases. Because of these reasons and others, Trader's plea of guilty was not made intelligently. Counsel was ineffective for failing to reschedule the hearing which had that been done, Trader would not have pled guilty and would have proceeded to trial.

(b)   **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☑

(2)   If you did not raise this issue in your direct appeal, explain why:

The issue of ineffective assistance of counsel is appropriately raised in a motion to vacate pursuant to 28 U.S.C. 2255 as it requires an evidentiary hearing.

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13.   Is there any ground in this motion that you have not previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

The grounds presented in this motion were not previously presented based on the deficient and ineffective assistance of counsel. Ineffective assistance of counsel claims are properly raised in a motion to vacate pursuant to 28 U.S.C. 2255.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?       Yes ☐       No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

N/A

(b) At the arraignment and plea: Fletcher Peacock, AFPD, 109 North 2nd Street, Ft. Pierce, Florida 34950       Tel. (772) 489-2123

(c) At the trial:

N/A

(d) At sentencing: Fletcher Peacock, AFPD, 109 North 2nd Street, Ft. Pierce, Florida 34950       Tel. (772) 489-2123

(e) On appeal: Fletcher Peacock, AFPD, 109 North 2nd Street, Ft. Pierce, Florida 34950       Tel. (772) 489-2123

(f) In any post-conviction proceeding: Bernardo Lopez, AFPD, One East Broward blvd., Suite 1100, Fort Lauderdale, FL 33301-1842   (on writ of certiorari)

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A.

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?       Yes ☑       No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?       Yes ☐       No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?       Yes ☐       No ☐

AO 243 (Rev. 09/17)

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The Supreme Court denied Trader's petition for a writ of certiorari on
October 04, 2021. Thus, the judgment of conviction became final on October
04, 2021 and the movant's motion to vacate was required to be filed on
or before October 04, 2022. Notably, under Fed. R. Civ. P. 6 (a)(1)(A), "the
day of the event that triggers the [time] period" is "excluded", so a
motion presented to the court on the anniversary date of a triggering event
is within the one-year period of limitations set out in 28 U.S.C. 2244(d)(1).
2244(d)(1). Therefore, Mr. Trader's section 2255 motion is timely filed
and within the one-year statute of limitations as contained in 28 U.S.C. 2255.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255,
paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run
   from the latest of –
      (1)  the date on which the judgment of conviction became final;
      (2)  the date on which the impediment to making a motion created by governmental action in violation of
      the Constitution or laws of the United States is removed, if the movant was prevented from making such a
      motion by such governmental action;
      (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has
      been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral
      review; or
      (4)  the date on which the facts supporting the claim or claims presented could have been discovered
      through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief: a) Direct an answer be filed and appoint counsel. b) Hold an evidentiary hearing, and there after, c) Vacate his convictions and sentence and grant him any other relief to which he may be entitled.
or any other relief to which movant may be entitled.

_____ (Pro Se)
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _September 27, 2022_.
(month, date, year)

Executed (signed) on __09/27/2022_____ (date)

_Scott Treadex_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


SCOTT JOSEPH TRADER
                    Plaintiff/Movant      No. 22-CV-
            VS.                    NO. 2:17-CR-14047-MIDDLEBROOKS
UNITED STATES OF AMERICA
            Defendant/Respondent


MOVANT SCOTT JOSEPH TRADER'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255


        Movant, SCOTT JOSEPH TRADER, respectfully files this
Memorandum of Law in Support of his Section 2255 Motion to
Vacate Sentence and States as follows:

        I. The Legal Standards Governing Ineffective
            Assistance of Counsel Claims.

A prisoner is entitled to an evidentiary hearing on a Section 2255
Motion unless the Motion, files and records of the case conclusively show
that the prisoner is not entitled to relief. 28 U.S.C. § 2255. The
court on review "must accept all of the petitioner's alleged facts
as true and determine whether the petitioner has set forth a valid
claim." Agan v. Dugger, 835 f.2d 1337, 1338 (11th cir. 1987).

"An accused is entitled to be assisted by an attorney... who plays the role necessary to ensure that the trial is fair." Strickland v. Washington, 466 U.S. 668, 685 (1984) In other words, the right to counsel is the right to effective assistance of counsel. Id. at 686. Strickland established a two pronged test for determining whether a defendant has received ineffective assistance of counsel. Under the first prong, the court must determine "whether counsel's performance was deficient." Strickland, 466 U.S. at 687. Counsel's performance is deficient where it falls below an objective standard of reasonableness. Id. at 688

Under the second Strickland prong, the court must determine whether the deficient performance of counsel prejudiced the defendant's case. To satisfy the prejudice prong of the test, a defendant need not show that, but for counsel's errors, the outcome of the proceeding would more likely than not have been different. Strickland, 466 U.S. at 693. Rather, a defendant must only show that "there is a reasonable probability, that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694

In the context of a guilty plea, a habeas petititioner can show prejudice by demonstrating "a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial". Lee v. United States, 137 S.ct. 1858, quoting: Hill v. Lockhart, 474 U.S. 52, 59 (1985)

Actual Innocence claims may overcome procedural default. McQuiggin v. Perkins, 133 S.ct. 1924, 1932 (2013). "Actual Innocence" means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998)

II. Trader is actually Innocent of Violating 18 U.S.C. 2422(b) (Count 1), which prohibits anyone from engaging in "any Sexual Activity for which any person could be charged with a criminal offense". The underlying completed "Sexual Activity" Trader's violation is based upon, is two State of Florida offenses involving child pornography. However, according to the federal definition of "Sexual Activity" relating to the inclusion of child pornography, these two underlying offenses do not fall within the meaning of "Sexual Activity" for a violation of 2422(b). In addition, Trader was not "engaged" in the production of the child pornography, an essential element under the plain language of the Statute, and is therefore innocent of the violation.

Trader was charged with a violation of 18 U.S.C. 2422(b), which in relevant part prohibits: The enticement of a minor to engage in Sexual activity for which any person can be charged with a criminal offense.[1] There are four elements required for a violation of this Statute, only two are relevant here. The first element requires the defendant to achieve a mental state over a minor, and then using that mental state to have that minor engage in Sexual Activity.

When researching what "Sexual Activity" means, it's discovered that "This statute, which is found in chapter 117 of title 18 of the United States code, does not define 'Sexual Activity'".[2] Moreover, "Sexual activity is not a defined term in the federal criminal code"[3] anywhere. The only known definition is that congress specifically defined Sexual activity to include the production of child pornography, as amended by 18 U.S.C. 2427.[4]

18 U.S.C. 2427 in full is the statute for the "Inclusion of offenses relating to child pornography in definition of Sexual activity for which any person can be charged with a criminal offense" and it states "In this chapter (18 U.S.C. 2421 et Seq.), the term 'Sexual activity for which any person can be charged with a criminal offense' includes the production of child pornography, as defined in Section 2256(8)."

This means one of the many forms of conduct 18 U.S.C. 2422 prohibits, as explained by 18 U.S.C. 2427, is the same conduct prohibited by 18 U.S.C. 2251(a), the production of child pornography.[5] However, the statutes broad reach, by its own construction does not extend to the conduct prohibited by 18 U.S.C. 2252, the possession and distribution of child pornography. Congress clearly considered the "inclusion of offenses relating to child pornography" when defining Sexual activity, but only included the production of it within its definition.[6]

The Second element relevant here requires and incorporates within it, an underlying offense[7] that if committed, any person can be charged with a criminal offense.[8] As relating to Tracks, this means that his alleged

Conduct on the nights of May 15 2017 and May 30 2017 (when the violation of 2422(b) occurred) would first have to fall within the federal definition of sexual activity, and second, be chargable conduct. These two parts equal one whole element, which then incorporates the offense that the defendant could have been charged with. In Trader's case, the conduct was: The use of a cell phone (internet) by an adult, to entice a minor to take and send one nude photo. The offenses that he could have been charged with, as stated by the government are: Florida Statute 827.071 (3), promoting a sexual performance by a child; and 827.071 (5)(a), possessing a sexual performance by a child. [9]

The government however did not specify which of these subsections of Florida Statute 827.071 its relying upon for its basis of conviction for 18 U.S.C. 2422 (b), and instead relys on them both. But when charging someone with 2422 (b) for an offense relating to child pornography, only the production of child pornography falls within the federal definition of sexual activity. [10] In the instant case, one of the multiple statutory violations the government relys upon for conviction, if understood correctly, is the successful enticement of a minor to engage in the sexual activity of possession of child pornography.

In past cases, a defendant charged with 2422 (b) with an underlying offense involving child pornography, have relyed upon the the federal statute prohibiting the production of child pornography, 18 U.S.C. 2251, or relyed upon a State Statute prohibiting the production of child pornography which tracks the language of the federal one.

None have relyed upon the possession of child pornography either at the State or Federal level as an underlying offense, nor could they, as that would lead to absurd and erroneous results. Such is the case here, where the government has essentially defined the term "sexual activity" to include the possession of a photograph.

Subsequently, when combining the governments definition of sexual activity, with the statutory construction and interpretation of 2422(b), which again prohibits the enticement of the minor to engage in the sexual activity which the defendant could be charged with a criminal offense, it creates the absurd result that the minor is somehow engaged in the possession of the photograph that the defendant could be charged with possessing.

The Second underlying criminal offense the government depends upon for its basis of conviction under 2422(b), is a violation of Florida Statute 827.071(3), promoting a sexual performance by a child. However there are multiple problems with charging this underlying criminal offense, the most relevent being that "the least culpable conduct the statute criminalizes is the distribution of a photograph of a child less than 18 years of age". This does not fall under the federal definition of sexual activity for a violation of 2422(b).

Florida Statute 827.071(3) states in relevent part: "A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he or she produces, directs, or promotes

any performance which includes Sexual conduct by a child less than 18 years of age." (emphasis added)

As an initial matter, Subsection (3) of Florida Statute 827.071 Prohibits multiple forms of criminal conduct relating to child pornography, and each form of conduct has different alternative means for a defendant to violate the statute. In other words, the terms "produces, directs, or promotes" each prohibit different conduct. "Produce" or "direct" are not defined by Statute, and should be given their plain and ordinary public meaning. Promote however, is defined by Statute as: "to procure, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmute, publish, distribute, circulate, disseminate, present, exhibit, or advertise or to offer or agree to do the same." Florida Statute 827.071(1)(d). So "promote means, among other things, to 'distribute'."

In their acknowledgment of offense elements, the government lists the whole Subsection (3), of 827.071. Then, within Subsection (3), emphasized in bold lettering are the words "produces, directs, or promotes any performance which includes sexual conduct by a child less than 18 years of age." This language either implys that Trader's conduct spanned the entire scope of the statute, or the government did not specifically identify by what means Trader violated the statute. But as the Eleventh Circuit has already recognized, because Trader was charged and convicted with a completed act, the government can not charge multiple crimes with the possibility Trader's conduct could potentially violate at least one of them. "obviously, if a defendant has Successfully

persuaded a minor to engage in an unlawful sexual act, this will typically mean that the act was completed and the likelihood of multiple potential statutory violations is greatly reduced. Indeed, in such a circumstance, the defendant will be charged not with attempt, but with actually enticing a minor to commit the specific sex act that was completed and that will be listed in the indictment." United States v. Jockisch, 857 F.3d 1122, 1133 N.13 (11th Cir. 2017)

The government can not list potential violations for a completed act. And even if they could, all the potential violations would have to fall under the federal definition of sexual activity relating to child pornography. Because the least culpable conduct criminalized by statute 827.071(3) is distribution, the alternative means here do not.

Separately, Traders stipulated conduct with MV1 does not amount to a violation of Section 2422(b). The stipulation of facts in support of Trader's guilty plea summarizes his conduct leading to the violation as follows: "HSI saw chats from Trader to the victim that included, among other things, numerous requests from him for the victim to send him nude images. At first, the victim provided Trader several pictures of her fully clothed, which clearly indicated she was a preteen female. Trader also asked the victim, among other things, how old she was and she told him she was nine, to which he replied "Aw, you're pretty for your age, you look sexy in those pajamas." In response to Trader's requests, the victim eventually sent at least one photo of her vagina and one

photo of her pulling her shirt up, exposing her nipples. (Count 1 -
Enticement of a minor to engage in Sexual Activity)." (emphasis added)[12]

Trader's Stipulated conduct, while repugnant, does not amount
to "Sexual Activity", i.e. the production of child pornography. There is
no evidence within the factual basis to support a conviction that Trader
enticed a minor to produce a photograph. And while there is ample
evidence based on the Stipulated facts that Trader attempted to
procure a nude photograph, and Successfully did receive child
pornography, Neither one falls within the federal definition of
"Sexual Activity" in relation to child pornography.[13]

Finally, there is no evidence in discovery that a photograph
of MV1 was ever produced for Trader. A forensic exam of MV1's
electronic device, and more Specifically, the time and date Stamp
of the two images MV1 Sent to Trader, was never done. This is
important because on the night of May 30, 2017, when the Thomasville
Police Department initially reported to MV1's home, her mother Signed
a consent to search form for her daughter's tablet.

During the initial Search of that tablet, one of the responding
officers "looked through the messages on the Say Hi app and found Several
other conversations with men that [MV1] had on her phone. Including
'Scott' there were five men messaging [MV1] who at Some point
admitted to knowing she was young/underage and still requesting photos
of her or Sending her nude photos of themselves."

The officer continued: "[MV1] also has other messaging apps on her tablet and access to the internet which I did not go through. While [MV1's mother] was in my vehicle she asked to check the photo gallery on [MV1's] tablet and we observed the naked photo's of herself she sent to 'Scott' along with photos of 'Scott's daughters' he sent her saved to her gallery. She also had nude photo's of other men saved to her gallery that were sent to her through the Say Hi app."

MV1 had multiple conversations with men who all requested nude photos of her, and sent her nude photos of themselves. She had these photos saved to her photo gallery in her tablet. She also had the photos of herself which she sent to Trader, saved to her gallery. Importantly, no one knows how long the photos of MV1 were saved to her gallery, or how many times they were distributed from her gallery. Trader is convicted of enticing MV1 to produce these two photographs, but she could have produced these two photographs for anyone of the men she was having a conversation with. Without examining the time and date stamp of the photos, there is no way to be sure. Notably, the government has never said MV1 "produced" these photographs for Trader. The only verb the government has ever used is "sent". MV1 "sent" them to Trader and that sounds good. But because Trader was convicted of a completed act and not an attempt, 2422(b) and 2427 require more than just "sent", More than just a substantial step in an attempt to produce. The statutes and the subsequent case law require the "sexual activity" to actually have taken place. There is no evidence of this anywhere, and the government has never offered any.

Actual prejudice is shown by establishing a miscarriage of justice. Howard v. United States, 374 F.3d 1068, 1072 (11th cir. 2004) The conviction of one who is actually innocent is itself a miscarriage of justice. See: Sawyer v. Whitley, 505 U.S. 333, 339 (1992)

Accordingly, for all of the foregoing reasons, and for the grounds raised in Trader's 2255 motion, Trader is actually innocent of a 2422(b) violation because: 1. his conduct does not fall within the definition of sexual activity; and 2. he did not engage with, or cause the minor to engage in, the production of child pornography.

III. Trader's Defense attorney rendered ineffective assistance because he failed to investigate the specific facts of Trader's case, the charge against him, and the case law in effect at the time of Trader's plea. Specifically and for the reasons set forth in Section II, when counsel failed to discuss count 1 of the indictment, and when he advised Trader to plead guilty to it.

A defendant alleging ineffective assistance of counsel must show that: 1. counsel's performance did not reach an objective standard of reasonableness; and 2. counsel's deficient performance prejudiced the defense, depriving the defendant of a trial whose result is reliable. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Deficient performance is that which is "not within the wide range of competence demanded of attorney's in criminal cases." Id., at 687 (internal quotation marks omitted). Prejudice is established when "there is a reasonable probability,

but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694.

Where a defendant enters a guilty plea upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). *Strickland's* prejudice prong is modified in the context of a guilty plea, and prejudice is shown if "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Id.*, at 58. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

As set forth in Section II, Count 1 charged Trader with successfully enticing a minor to: 1. "engage" in 2. any "sexual activity" which 3. he could be "charged with a criminal offense". These necessary elements of 2422(b) were of critical importance to the government's conviction of him on this count. The government bore the burden of proof that Trader met each of these elements. For the reasons forenamed in Section II, Trader's counsel was ineffective because he failed to investigate: 1. the specific facts of Trader's case; 2. the charge against him; and 3. the relative case law in effect at the time of Trader's guilty plea.[15]

The current form of 2422(b) was enacted in 1998, with 2427 added the same year.[16] Until 2021, there was an open question of law in the Eleventh Circuit as to the definition of "sexual activity" in 2422(b).[17] Unless the "sexual activity" involves child pornography. 18 U.S.C. 2427. The limits

of 2422(b), set by 2427, are clear. Because one of the State of Florida Statutes relied upon by the government is the possession of child pornography, Trader's counsel was ineffective for failing to dismiss count 1, and advising Trader to plead guilty to it. Additionally, because the other State of Florida Statute relied upon by the government includes offense conduct such as distribution of child pornography; counsel was again ineffective for failing to dismiss count 1, and for advising Trader to plead guilty to it.

Moreover, because Eleventh Circuit precedent at the time of Trader's guilty plea indicated a defendant could not be convicted of violating Section 2422(b)'s completed act requirement listing multiple potential statutory violations as the predicate offense[18], counsel was ineffective for failing to dismiss count 1, and advising Trader to plead guilty to it.

Fourth, because "criminal offense" is not defined by statute 2422(b) to include State and Federal offenses, and because this issue still has not been addressed by the Eleventh Circuit, Trader's case presented a Non-frivolous, meritorious claim as to why State offenses do not apply to Section 2422(b)[19] violations. His counsel was ineffective when he failed to dismiss count 1 based on this ground, and further ineffective for advising Trader to plead guilty to it.

Finally, because Trader's counsel failed to investigate who MV1 produced the two photos for, which she later "sent" to Trader, and because an essential element in a completed act of 2422(b) is actually enticing the minor to engage in, this case the production of the only child pornography involved in this count, and because counsel had knowledge of MV1 having had sexual communications with at least four other adult men, counsel was wholly ineffective for advising Trader to plead guilty when he had a viable defense[20] to count 1 he knew nothing about, and advising him to sign a factual basis which lacked support for the Section 2422(b) violation.

The prejudice Trader suffered as a result of counsel's deficient performance individually, and combined is substantial. Trader is serving a total sentence of LIFE. Count 1 is the only count of which he is convicted, with a maximum of LIFE. Without that conviction, Trader could not face that sentence, as the maximum statutory penalty for each of the other four counts in his conviction is a term of years. Therefore, Trader's sentence is itself proof of the prejudice, which can not be ignored. Had counsel informed Trader of the forenamed defenses to count 1, the result of the proceeding would have been different. Trader would not have pled guilty to this count, and instead would have proceeded to trial.

IV. <u>Appellate counsel was ineffective for failing to argue in Trader's appeal that he : 1. was actually innocent of count 1; 2. there was insufficient evidence; and 3. the factual basis does not support a conviction under Section 2422(b).</u>

For the reasons explained in Sections II and III, Trader's appellate attorney was ineffective for failing to argue in his appeal a claim of actual innocence. A defendant who fails to assert a claim is entitled to a plain error review of that claim when raised for the first time on appeal. Under a plain error standard, the defendant bears the burden to show there is : <u>1.</u> Error, <u>2.</u> that is plain, and <u>3.</u> that affects substantial rights. See : <u>United States v. Kushmaul</u>, 984 F.3d 1359, 1363 (11th cir. 2021) "when the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error". <u>Id.</u>

In this case, the language of all statutes relied upon for count 1 are explicitly clear.[21] For the reasons set forth in Section II, Trader is actually innocent of violating Section 2422(b), and there was no evidence or factual basis to support a conviction. Additionally, appellate counsel was made aware of these specific issues with Trader's Section 2422(b) conviction,[22] and for some unexplainable reason, counsel did not raise these issues on appeal, even after Trader expressly told him to.

Thus, but for failure of appellate counsel, the Eleventh Circuit would have held that it was plain Error to convict Trader and Sentence him to LIFE for count 1. Further, they would have instructed the district court to vacate Trader's Section 2422(b) conviction and LIFE Sentence, and remand back for further proceedings.

### V. Trader's appellate counsel was ineffective for failing to raise issues for the first time in the initial brief, as opposed to the reply brief

Where a defendant enters a guilty plea upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Hill, 474 U.S. 52, 56 (1985) Strickland's prejudice prong is modified, and prejudice is shown if "there is a reasonable probability that, but for counsel's error's, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Hill, at 59. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Additionally, a defendant is entitled to the effective assistance

of counsel on direct appeal, and should be evaluated under the Strickland Standard of prejudice. Smith v. Robbins, 528 U.S. 259, at 285-86 (2000). To show Prejudice under Strickland, the defendant "must show that the deficient performance prejudiced the defense". Strickland, at 687. And prejudice is established when "there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, at 694.

**23**

Trader signed a conditional plea agreement. He did so after developing a strategy with counsel, which centered around bringing a specific argument on **24** direct appeal. However, when counsel filed the initial brief, Trader had no knowledge of it, it was poorly drafted, and barely included anything within it that counsel had discussed with Trader prior to signing the plea agreement. This is not a new complaint. Trader sent multiple pro se motions to the Eleventh Circuit after the brief **25** was filed expressing his dissatisfaction with counsel. Within these motions, Trader had asked the court for permission to supplement the brief, or alternatively remove counsel from the case and reset the briefing schedule. The motions listed enumerated reasons for this action, explained why, and included a proposed **26** initial brief to supplement or replace the one counsel filed. **28**
**27**
After counsel responded to Trader's claims, the government filed their brief, and the court granted an extension of time to file a reply. Within that motion for an extension of time, counsel told the court he was going to incorporate Trader's **29** proposed initial brief, into the reply brief. Trader once again wrote the court, cited correspondence from counsel and Eleventh Circuit case law, and informed the court that counsel is suggesting to raise issues for the first time in a reply **30** brief, which he is not permitted to do. The court denied Trader, and counsel **31** filed a reply brief that was almost word for word what Trader had proposed supplementing to the initial, including arguments not raised within it. **32**

When the Eleventh Circuit decided the case, they only addressed a limited amount of Trader's arguments and instead cited case law which said, un-surprisingly, that the court will not consider arguments raised for the first time in a reply brief. United States v. Trader, 981 F.3d 961, 969 (11th Cir. 2020). Unexplainable, counsel, an attorney with decades of experience, clearly did not know or did not care to know this well established case law, even after his client informed him of it. The issues Trader wanted presented in the initial brief not only had merit, and were new questions of law after the Supreme Court decided Carpenter v. United States, 138 S.ct 2206 (2018), but they were instrumental to Trader in deciding to plead guilty conditionally. It was always the plan between him and counsel to bring these arguments to the Eleventh Circuit after Carpenter was decided. But what was brought within the initial brief is best described as a lazy, broad in scope attempt to argue the right to privacy in a defendant's IP address and e-mail address. Trader's narrowly crafted, specific arguments brought in the reply were not, and still have not been addressed by the Eleventh Circuit.

The questions brought with these arguments include the main issue of Trader's appeal: whether the warrantless seizure and search of historical records created by a cell phone, revealing the location and movements of that cellphone user over 30 days is permitted by the fourth amendment - If the data revealing the location and movements were collected in the form of IP address information.

This is not the question the court decided, because it is not the argument put forth by counsel within the initial brief. That was the right to privacy of an IP address in general. Not ones that are generated by a cell phone user, so the court never addressed the right to privacy in the cell phone user's physical movements. The reply brought this argument to the courts attention, based on Carpenter and United States v. Jones, 565 U.S. 400, 132 S.ct. 845 (2012),

33

34

but the court did not consider it. _Trader_, at 969. Additionally, counsel's argument led the court in _Trader_ to conclude "Many different devices access wireless internet networks: Computers, tablets, gaming consoles, household appliances, and more. And each of these devices has an internet protocol address. We can not conclude that internet protocol addresses are cell phone records when they are a feature of every electronic device that connects to the internet." _Trader_, at 969 (internal quotation's omitted) 35

Counsel in the initial brief mentioned a right to privacy in IP addresses, and then pointed the court towards carpenter. But he seemingly left the primary argument Trader wanted made, up to the court to make for him. However when Trader signed his conditional plea agreement, he expected his counsel, not the court, to argue on his behalf. The main question Trader wanted presented to the court, which was the deciding factor in signing the conditional plea, was not brought to the court until the reply brief. Had it not been for counsel's error, Trader would have prevailed on appeal. This performance by counsel can only be described as falling below an objective standard of reasonableness.

In another argument not considered by the court, based in part on: United States v. Karo, 468 U.S. 705, 104 S.ct 3296 (1984), Kyllo v. United States, 533 U.S. 27, 121 S.ct 2038 (2001), and United States v. Jones, 565 U.S. 400, 132 S.ct 945 (2012), the question brought within it was: Is a cell phone user's expectation of privacy within his home, and the physical movements to and from his home, heightened after the carpenter decision, if the data revealing the location and movements were collected in the form of IP address information. Once again, because this argument was brought as part of the reply brief, the court did not consider it. _Trader_, at 969. 36

In Sum, when Trader agreed to plea guilty, it was conditional. He was going to appeal after the carpenter decision, and base that appeal around these

two questions. Counsel was fully aware of that strategy prior to signing the plea, immediately following the *carpenter* decision, and re-affirmed well before the initial brief was filed. This case is a prime example of where counsel's deficient performance is "not within the wide range of competence demanded of attorneys in criminal cases". *Strickland*, at 687. Even Trader, with no legal experience had realized Counsel's incompetence had damaged his chances of prevailing on appeal, and tried to stop it. This can only add to the claim that Trader was not provided with effective assistance during that appeal.

Trader was prejudiced by this because had he known his specific argument and issues he wanted the court to address on appeal would not be considered, he would not have signed the conditional plea agreement. He would have proceeded to trial. He could have later negotiated a different plea agreement, one where certain counts were dropped to reduce his maximum time in prison. The conditional part of the plea agreement was what Trader received as part of the give and take process of negotiating with the government. And it was taken away due to counsel's misfeasance.

Separately, If counsel hadn't failed to effectively represent his client, he would have raised the most important issues of Trader's appeal within the initial brief as opposed to the reply brief. An effective attorney would have known well established caselaw within the circuit, or at the very least corrected his mistake once notified. Had the Eleventh circuit been presented the argument Trader wanted before the court, there is a reasonable probability the result of the proceeding would have been different. The Eleventh Circuit could have held Trader's Fourth Amendment rights were violated. The court could have remanded the case back to the District court with order's to vacate Trader's convictions, and allowed him to withdraw his plea of guilty. The court would have had any number of available recourses, but for counsel's ineffectiveness.

VI. Counsel was ineffective for failing to object in any meaningful way, to the introduction of a "Parenting Plan Evaluation" report, illegally obtained by the government, and which factored into the Judges determination when Sentencing Trader to LIFE.

The right to the effective assistance of Counsel extends to Sentencing, and Should be evaluated under Strickland. See: Glover v. United States, 531 U.S. 198, 121 S.Ct. 696 (2001). Trader was not afforded this right. Counsel was ineffective for failing to object in any meaningful way, to the introduction of a "Parenting Plan Evaluation" Report, Conducted in 2013 as part of Trader's on-going child custody dispute.[40] This report is highly Confidential, protected as private under the laws of the State of Florida,[41] and the United States,[42] and was obtained by the government illegally from Trader's electronic device.[43]

In 2013 and due to on-going child custody disputes, the Honorable Barbara W. Bronis, Judge of the Nineteenth Judicial Circuit in and for Saint Lucie County, Florida, ordered a "Parenting Plan evaluation" and appointed an independent expert to conduct a Social investigation and Study, of both the parents, and the Child. The primary issue to be addressed was whether the existing order, under which each party has equal time Sharing with the Child, Should be Modified, and if So, how Much and why.[44]

After the evaluation was finished, a report detailing its results was written on October 22, 2013, and a copy of the report was provided to the attorneys representing each of the parents, and a copy was provided to the court. The parents were not permitted to possess a copy of the report, and on December 12, 2013, after the custody dispute was resolved, the report was entered on the civil docket of the case under "Order of Confidentiality of court document". [46]

However Trader, without his attorneys knowledge had taken a photo of each of the report's 37 pages for his personal records, and stored them on his laptop computer. That laptop was seized by Homeland Security agents on June 1, 2017, pursuant to a search warrant. [47] Notably, that search warrant only gave agents permission to search for evidence of visual depictions involving the sexual exploitation of minors. [48] Trader is not aware of another search warrant giving agents permission to search for documents related to Trader's: family court proceedings, mental or medical health, or anything else that the "parenting plan evaluation" report may be interpreted as. [49] Trader is also not aware of what evidence of crimes the government would be searching documents such as the "Parenting plan evaluation" report for. In other words, the photographs of the report are not visual depictions of the sexual exploitation of minors. The government legally should not have been allowed to search for, and possess this report. Which means, the government should not have been allowed to present this report at Sentencing, and to repeatedly use this report against Trader to show his recidivism.

To be sure, Agents did not request permission from Trader, nor did Trader give agents permission at any time, to read, use, have, or possess any kind of medical or mental health record, such as this report. Likewise, agents did not request permission from the court to unseal this document, which is still sealed as of this writing. Moreover, the government admitted at sentencing they obtained the report from Trader's laptop computer.[50] And they introduced the photographs of the report, not the report itself.[51] There is no question the government knew the nature of this report was highly confidential. It is listed as such on the first two pages, and the government clearly read the report.

During sentencing, Trader repeatedly told counsel to object to the introduction of this report based on these grounds. But counsel, for some unexplainable reason, objected only to the relevance of the report, and nothing else.[52] Even Trader was able to notice the government was using this report to show recidivism, so it is no surprise that particular objection failed. Throughout the entire proceeding, Trader told counsel to object to the introduction of this report, and he did not.

Counsel's failure to object to the introduction of, or move for the exclusion of, the "Parenting Plan Evaluation" based on any of the previously mentioned grounds, prejudiced Trader because the government used this report over and over again throughout the almost two hour long proceeding, to rebut Trader's argument that 28 years would be an appropriate Sentence.[53] The government used this report during their presentation of evidence with H.S.I. agent Brian Ray.[54] They used it during cross-examination of

Trader's expert witness; Dr. Michael P. Brannon, Psy.D, psychologist, [55] and the government used this report during their closing argument. [56]

The government continuously used this report to show the court that nothing but LIFE would be sufficient for Trader because of his recidivism. And judge Middlebrooks agreed. Specifically, Judge Middlebrooks cited this report as a factor in determining Trader's Sentence: "I have no confidence that he will stop this behavior because he continued it while on bond from a state court proceeding and even while he was being evaluated by medical professionals who he was, apparently, able to fool into believing he didn't present a threat to his children at the same time he was committing crimes against those children." [57]

Judge Middlebrooks goes on to say that he "considered and [ ] take[s] seriously Mr. peacock's arguments about the possibility that age may provide protection, but [ ] given the history in this case, I'm not convinced of that." Id.

Had counsel objected to the introduction of this report, based on the fact that it was obtained illegally, and without consent or, permission from the court, Trader's Sentence would have been different. He would have been sentenced to a term of imprisonment of around 30 years, as requested, and would have had the chance to get out of prison, at around the age of 60 years old. The Supreme court has said "any amount of actual jail time has Sixth amendment Significance". Glover v. United States, 531 U.S. 198, 203, 121 S.Ct. 696 (2001); See also: Lafler v. Cooper, 132 S.Ct. 1376 (2012). The Sixth amendment Significance in Trader's case is enormous,

because his Sentence is LIFE, and not a term of years. He will never have the opportunity to get out of prison, and this would have been different had the government not been allowed to introduce that report, which was the deciding factor of Trader's Sentence.

At the very minimum, an objection to the report's introduction that was overruled, would have required the court to discuss how this document was obtained, and if the government had the court's permission or the party's consent. This would have preserved the issue for proper appellate review. Counsel was told to do this throughout the proceeding, had every opportunity to do it, but failed to do so.

Therefore, counsel rendered ineffective assistance at Sentencing when he failed to object to the government's introduction of the "Parenting Plan Evaluation" report, which the government obtained illegally, and without consent, from Trader's electronic device. Had counsel objected to the admissibility of this confidential, protected report, there is, at the very least, a reasonable probability that the result of the proceeding would have been different. Trader's Sentence would have been a term of years, and not LIFE, but for counsel's deficient performance.

<u>Footnotes</u>

1. Tracker's indictment (DKT 7:1) and his stipulation of facts and offense elements (DKT 22:5-6), charge him with a completed act only, and not an attempt.

2. See: <u>United States v. Paulsen</u>, 591 Fed. Appx. 910, 913 (11th cir. 2015); <u>United States v. Dominguez</u>, 997 F.3d 1121, 1124 (11th cir. 2021)

3. See: <u>United States v. Taylor</u>, 640 F.3d 255, 257 (7th cir. 2011)

4. See: <u>Dominguez</u>, 997 F.3d, 1121, 1125 (11th cir. 2021)

5. See: <u>United States v. Isabella</u>, 918 F.3d 816, 830-836, 845-849 (10th cir. 2019) (collecting cases); See also: <u>United States v. Lee</u>, 603 F.3d 904, 913 (11th cir. 2010)

6. See: <u>Reynolds v. United States</u>, 2018 U.S. Dist. Lexis 40078 (S.D. Illinois, March 12, 2018) "Congress did not define the term 'Sexual activity' as it is used in <u>2422(b)</u> other than to Say that it 'includes the production of child pornography.' 18 U.S.C. <u>2427</u>" Id. at 2018 U.S. Dist Lexis ft.; See also: <u>Taylor</u>, 640 F.3d at 259 (7th cir. 2011) "The government acknowledges that 'Sexual activity for which any person can be charged with a criminal offense' is explicitly defined to include producing child pornography. 18 U.S.C. <u>2427</u>." See also: U.S. v. Owens, 2022 U.S. Dist Lexis 130016 (S.D.W.V., July 21, 2022) at Lexis 3-6

7.  Courts have held (though more often just assumed), that the underlying criminal offense         to which the Statute refers could be a State or federal crime, although the Statute does not say so. See: united States v. Hill, 740 F.3d 1347, 1351-52 (8th cir. 2014) "The phrase [criminal offense] is not defined in the federal criminal code."; But See: United States v. Jockisch, 857 F.3d 1122, 1124 (11th cir. 2017) (18 U.S.C. 2422(b) prohibits "sexual activity that ... could have resulted in criminal charges under State or federal law.")

Trader's case is a prime example of why this is unconstitutional. The production of child pornography Statute in the State of Florida is extremely broad and includes conduct not covered within the definition of sexual activity for a violation of 2422(b). "For a federal Statute to fix the Sentence for a broad category of conduct criminalized by State law, such as 'any sexual activity for which any person can be charged with a criminal offense' is a questionable practice. Congress cannot know in advance what conduct the State will decide to make criminal". Taylor, 640 F.3d 255, 256 (7th cir. 2011) In United States v. Rogers, 2019 U.S. Dist Lexis 98571 (D. Kansas June 11, 2019); the court acknowledged "No defendant has ever challenged this issue before. Moreover, when courts have interpreted this statute in the context of a constitutional challenge, they have held, and Sometimes Simply assumed, that State law offenses are incorporated." Id. 2019 U.S. Dist Lexis 6-7

As an alternative argument, for the reasons set forth within, Trader contends this Statute, 2422(b), is unconstitutional as applied to him.

8. To be clear, 18 U.S.C. 2422(b) only requires that an underlying criminal offense be chargeable. The statute does not require a defendant actually be charged with the underlying criminal offense, unlike the RICO statute, which does. See: 18 U.S.C. 1959(a). Likewise, the statute does not require a conviction, or in the context of an attempt, that a conviction of the underlying criminal offense even be a possibility. See: Jackisch, 857 F.3d 1122, 1128 (11th cir. 2017) "2422(b) does not require that the defendant commit any prior crime at all nor that the defendant actually engage in any unlawful sexual activity" (collecting cases) "there is no requirement that a defendant attempt to violate a statute. Section 2422(b) only requires that a defendant attempt to entice a minor to engage in an act that would be illegal." Id. at 1129 n.8 "2422(b) does not require that a defendant actually violate the listed state statute." Id. at 1133

In essence, 2422(b) lowers the standard of guilt for a conviction based off the conduct of the underlying criminal offense, from beyond a reasonable doubt, to probable cause; and only probable cause is needed to allege a violation of any criminal statute which then forms the basis of the 2422(b) violation. See: United States v. Nawara, 565 F.3d 412, 416 (7th cir. 2009) "read literally, [section 2422(b)] would make it a federal offense to engage in conduct that created only probable cause to think that one had committed a criminal offense, since probable cause is all that is required to charge someone with an offense."; See also: United States v. Saldaña-Rivera, 914 F.3d 721, 726 (1st cir. 2019) "One might literally read [section 2422(b)] language as including suspicious but nevertheless lawful conduct that might furnish probable cause

for an indictment."

In the instant case, Trader is charged with a successful act, the enticement of a minor to engage in sexual activity, i.e. the production of child pornography. Based on the conversation Trader had with MV1, one would believe there would be probable cause for an arrest, charging him with production of child pornography. However, as explained within, there is at least reasonable doubt Trader did not play a role in the production of the only child pornography relied upon for this charge. Trader contends this statute is unconstitutional as applied to him, as it violates his Due Process rights guaranteed by the 5th, 6th, and 14th amendments to the United States Constitution.

9. See: (DKT 22: 5-6); (DKT 52: pg 20/21-25, pg 21/1-25)

10. 18 U.S.C. 2427

11. See: (DKT 22: 5-6); (DKT 52: pgs 20-22)

12. See: (DKT 22: 2); (DKT 52: pg 14/17-25, pg 15/1-7)

13. See: Newman v. United States, 2018 U.S. Dist Lexis 208357 (W.D. Kentucky, Dec 11, 2018) In Newman, just as in the instant case, the defendant was charged with a violation of 2422(b), with an underlying offense of production of child pornography. The court in Newman found an evidentiary hearing was required because the factual basis did not contain evidence that the defendant enticed the minor victim to engage in "sexual activity" within the meaning of the statute.

14. <u>United States V. Kushmaul</u>, 984 f.3d 1359, 1364-65 (11th Cir. 2021)

15. Trader's change of plea hearing was held on Sept. 29, 2017.  See: DKT 52

16. See: <u>Taylor</u>, 640 f.3d 255, 258 (4th Cir. 2011); See also:
    <u>Dominguez</u>, 997 f.3d 1121, 1124-25 (11th Cir. 2021)

17. See: <u>Dominguez</u>, 997 f.3d at 1123-25 (11th Cir. 2021)

18. See: <u>Jockisch</u>, 857 f.3d 1122, 1133 N.13 (11th Cir. 2017) (May 26, 2017)

19. See: Section II, N. 7

20. To this point, a recent tenth circuit case is a good example. In
    <u>United States V. Isabella</u>, 918 f.3d 816 (10th Cir. 2019), the defendant was
    charged with 2422(b) for both attempted and completed acts. <u>Id.</u>, at 824 N.2.
    The government relied on an underlying federal offense of production
    of child pornography. <u>Id.</u>, at 830. Because the defendant did not play
    a role in the production, as the only child pornography charged in the count
    pre-dated the defendant's conversations with the minor, he could only
    be found guilty of attempted production. <u>Id.</u>, at 814 N.2, 836.
    See also: <u>United States V. Isabella</u>, 2021 U.S. Dist Lexis 221663, at 10-11
    (Dist. Colo, Nov. 18, 2021).

        The distinguishment between <u>Isabella</u> and Trader is, <u>Isabella</u>
    was charged with both attempted and completed acts. Trader was only
    charged with, and convicted of, a completed act.

21. See: <u>18 U.S.C. 2422(b)</u>; <u>18 U.S.C. 2427</u>; <u>FLA Stat. 827.071(3)</u>; <u>FLA Stat. 827.071(5)</u>.

22. Trader Aver's counsel was told during a phone call after the initial brief was filed, about the issues regarding his 2422(b) conviction. Counsel was further informed through correspondence and told to raise this issue on direct appeal. Additionally, counsel's wife Lydolia Pittaway, who was representing Trader in his criminal case against the State of Florida, was also made aware of the issues surrounding his 2422(b) conviction. See: Exhibits E, F

23. See: (DKT 21)

24. See: Appellant's brief, 9/10/2018

25. See: Pro se motions dated 9/26/2018, 10/16/2018, 10/23/2018, 1/18/2019, 1/22/2019, 4/1/2019

26. Specifically Trader's pro se motions dated 1/18/2019, and 1/22/2019

27. See: response of counsel dated 10/4/2018, 2/1/2019

28. See: Government's brief, 1/10/2019

29. See: motion for extension of time, 1/18/2019 - pg 1/N.4

30. See: Pro se motions 1/18/2019 - pg 8/N.18, CDS pg 9/N.18; 1/22/2019 - pg 8/N.18, CDS pg 11/N.18

31. See: order's dated  12/19/2018, 4/4/2019

32. Appellant's Reply brief, 3/4/2019

33. See: Appellant's brief, 9/10/2018 - pgs 17 -18

34. See: Appellant's Reply brief, 3/4/2019 - pgs 1 - 6

35.     The court also reached this conclusion based in part on the lack of information about the location data provided by KiK to Homeland Security. Because counsel did not attach the records of this data to the motion to suppress, they never became part of the record on review, and the appellate court was never able to view them. Counsel was wholly ineffective for not providing the District court with the information which was not just the basis for the motion to suppress, but was the defendants whole argument on appeal.

    Counsel later incorrectly informed Trader that the appellate court would have access to review these records through discovery. This incorrect information influenced Trader's decision to plead guilty conditionally. And because the court at oral argument questioned where the information contained within the briefs came from, counsel could not point to anywhere within the record to back the tracking claims made by Trader. See: Exhibit Oral argument, 11/19/2020 - pg 9/5-25, pg 10/1 - 24, pg 22 / 20-23

    Had counsel provided the tracking data to the District court with the motion to suppress, the Appellate court would have reviewed it, and the result of the proceeding would have been different. The court would have been able to view the tracking of Trader's physical movements,

and would have held it violated his right to privacy guaranteed by the fourth amendment. Likewise, Trader would not have pled guilty conditionally had counsel correctly informed him that this data would not be part of the record on appeal. Trader's entire strategy on appeal was based around this data. It strains credulity to believe he would have signed the plea agreement otherwise.

Therefore counsel was ineffective for not expanding the record in the district court with the necessary information needed to prevail on direct appeal, while at the same time knowing the strategy developed with his client. Had counsel not provided incorrect information to Trader before signing his plea agreement, he would not have pled guilty and instead would have proceeded to trial.

36. See: Appellant's Reply brief, 3/4/2019 - pgs 6-8

37. Trader submits to the court as evidence letter's he has sent to counsel over the years, re-affirming his position that counsel knew the strategy of Trader's case all throughout the criminal process. Exhibit E

38. See: Pro Se motions, 1/18/2019 - CDS pgs 6-7/N.11, Pg 8/N.16
    See also: pro se motion, 1/22/2019 - CDS pgs 8-9/N.11, pg 10/N.16

39. See: Santobello v. New York, 404 U.S. 257, 262; 92 S.ct. 495, 499 (1971)

40. See: Exhibit O, Parenting Plan Evaluation Report

41. See: Fla. Stat. 61.20 ; Rule 12.363 of Florida Family Law Rules of Procedure. See also: Exhibit O, Cover Sheet - pg 1

42. Health information is defined under HIPAA as information that is created by a health authority that relates to the past, present, or future mental health condition of an individual. 42 U.S.C. 1320(d)(4)

43. Until Sentencing, Trader still had property rights and ownership over his seized electronics. See: DKT pgs 93-94 ; See also: Fed R of Crim P 32.2(b)(4)(A)

44. See: Exhibit O, pg 1

45. See: Exhibit O, cover sheet

46. See: Exhibit T, State of Florida civil docket sheet

47. See: DKT 14-1

48. See: DKT 14-1, CDS pgs 14-17

49. In pleading guilty, Trader was not contesting ownership of the seized electronics. Additionally, medical / Mental health records are protected by all related acts enacted prior to, and after, the enactment of HIPAA. See: Florida v. U.S. HHS, 648 F.3d 1235, 1334-35 (11th Cir. 2011)

They are not ordinary documents such as banking records. Moreover, this is a sealed document within the court of the State of Florida. And to permit such a document to be seized pursuant to this search warrant, would be to permit a general search, which the fourth Amendment prohibits.

50. See: DKT 56, pgs 36-37

51. See: DKT 56, pg 36/23-25

52. See: DKT 56, pg 37/5-11

53. See: DKT 56, pgs 36-38, pgs 42-43, pg 55, pgs 79-80, pgs 91-92

54. See: DKT 56, pgs 36-38

55. See: DKT 56, pgs 55-56

56. See: DKT 56, pgs 79-80

57. See: DKT 56, pgs 91-92

58. See: DKT 21

59. See: DKT 14.1

## CONCLUSION

For all the foregoing reasons, and for reasons not yet included within this memorandum, Trader requests that this court conduct an evidentiary hearing on his Section 2255 motion and thereafter grant all relief to which he may be entitled.

I declare under penalty of perjury, pursuant to 28 U.S.C. 1746, that the foregoing is true and correct.

Executed on this __27__ day of __September__, 2022.

Respectfully Submitted

/S/ Scott Trader

Scott Trader
Reg No. 16118-104
F.C.C. Coleman
U.S.P. Coleman II
P.O. Box 1034
Coleman, FL 33521

<u>Certificate of Service</u>

I HEREBY certify that on this <u>27</u> day of <u>September</u>, 2022, I mailed through the prison legal mail system, <u>1</u> copys of the foregoing document for delivery to all counsel of record.

B/ Scott Trader
Scott Trader